MALONE, D. B. A. MALONE'S GARAGE, JUDGMENT CREDITOR-APPELLANT, *v.* REVIS ET, JUDGMENT DEBTORS-APPELLEES.

Ohio Appeals, Seventh District, Trumbull County.

No. 1591. Decided November 29, 1963.

302

Mr. *A. I. Goldman*, for judgment creditor-appellant.
Mr. *James R. MacQueen*, for judgment debtors-appellees.

FRANCE, J. This appeal is from final order of Niles Municipal Court striking from its files a certificate of judgment issued by Youngstown Municipal Court and dismissing two proceedings in aid of execution based thereon.

On April 19, 1963, appellant recovered judgment in Youngstown Municipal Court against appellees in the amount of $190.35 with interest from April 18, 1954, and costs. On April 18, 1963, he caused the Clerk of the Court to issue a document

entitled "Certificate of Judgment for Lien Upon Lands and Tenements" reciting details of the judgment. One month later this certificate found its way to Niles Municipal Court and was filed with the clerk of that court, and on the same day affidavit in aid of execution was filed and order in aid of execution, signed by the judge, issued. The order was served on Valley Mould and Iron Corporation by certified mail, and the sum of $147.23 paid into court by it although there appears no order of court to pay in this or any other sum. Thirty one days later a second affidavit in aid was filed, a second order served on the same employer, and payment received in court of $125.06.

During the pendency of the second proceeding in aid defendant appeared in Niles Court and filed motions to strike the certificate of judgment and to set aside the aid proceedings. Both motions were granted, resulting in this appeal.

Appellant's first assignment of error relates to the lawfulness of the action of the Niles Court in striking the certificate of judgment from its files. All parties concede that the transfer is governed by the last paragraph of Section 2329.02, Revised Code (the Certificate of Judgment Law), which provides:—

"* * * Notwithstanding any other provision of the Revised Code, any judgment issued in a court of record may be transferred to any other court of record. Any proceedings for collection may be had on such judgment the same as if it had been issued by the transferee court."

Indisputably both the Youngstown and Niles Municipal Courts are courts of record.

It is urged in support of the Niles Court's action that no such judgment can be transferred without something in the records of both courts to show that it has been removed from the one court to place it undisputably and solely in the other; that the word "transfer" requires that the judgment lose its effectiveness in the court originally awarding it. Since it is not shown that there was a removal of the judgment from the Youngstown Court, appellee argues that there was no transfer made. Reliance is placed in *Ohio Loan and Discount Co.* v. *Brown*, 79 Ohio Law Abs., 280 (1958), a decision of Ashtabula

Municipal Court. This case was reversed on appeal by this court by written opinion filed in Case Number 539, Ashtabula County. Unfortunately the reversing opinion, while filed, was never reported for publication, which made it difficult for counsel or the trial judge to determine that the reported decision of the lower court had no authority as a precedent. We regret that they were thus misled, and for the guidance of all concerned we quote the pertinent parts of Judge Griffith's opinion in this court which are dispositive of the issue:—

"The lower court held that the transfer of the judgment from the Parma Court could not be effected by a certificate of transfer but required the Parma court to certify its entire record to the Ashtabula Court. * * *

"The judgment may be transferred by the filing of a certificate, issued by the Parma Court, in the Ashtabula Municipal Court and it is not necessary that the Parma Court certify its entire record to the Ashtabula Municipal Court."

While counsel and the trial judge are not chargeable with knowledge of the reversal of the *Brown case*, they should have been aware of the reported decision of *Perdrix Machinery Sales, Inc.*, v. *Papp*, 116 Ohio App., 291, which made reference to the trial court's reported opinion therein and condemned its theory as untenable.

Appellee contends, however, that even if *a* certificate of transfer may be appropriate to transfer the judgment, the one in question is not an appropriate vehicle for this purpose since it announced on its face that it is for the purpose of obtaining a lien upon lands, which it is beyond the power of the Niles Municipal Court to enforce or foreclose. Sections 1901.18 (D) (E), 1901.19 (F), Revised Code. There is considerable justice in this argument, for the declaration of purpose in the caption of the instrument is misleading. The designer of forms for Youngstown Municipal Court could have performed a somewhat more accurate and imaginative job in view of the fact that the municipal court practice books currently in use make a point of setting forth a form for the sole purpose of transferring judgments for collection without land levy.

In view of the fact that the form under attack would adequately ground a proceeding in aid if filed in Common Pleas

Court, we are constrained to hold that, however misleading it may be in caption, the recitations in the body of the form are sufficient to ground a similar aid proceeding in a municipal court.

In connection with the second assignment of error, relating to the dismissal of the aid proceedings, the appellee urges that even if the transfer were effective to ground an aid proceeding levied on earnings held within the territory of the Niles court it is totally ineffective as to wages held outside this territory but within the county in which the municipal court is located.

Section 1901.19, Revised Code, provides:—

"Subject to Section 1901.17, Revised Code, a municipal court has jurisdiction within the limits of the county or counties in which its territory is situated: * * *

"(F) In any action or proceeding in the nature of creditors' bills, and in aid of execution to subject the interest of a judgment debtor in personal property to the payment of a judgment of the court."

The provision for transfer of judgments, Section 2329.02, Revised Code, includes the language:—

"* * * Any proceedings for collection may be had on such judgment *the same as if it had been issued by the transferee court.*" (Emphasis added.)

We, therefore, see no reasonable basis for distinction between an original judgment of the court and one which has been transferred to it so far as the territory for its enforcement is concerned. In addition, since the money has already been paid into court by the garnishee in aid, objection to the mode of service is not timely made.

For the foregoing reasons we find both assignments of error well made. The final order of Niles Municipal Court is reversed and the cause remanded for further proceedings in accordance with law, which must include determination *of record* of the amount to be paid in by the judgment debtor's debtor and the amount, after applying any exemptions claimed, payable to the judgment creditor.

Brown, P. J., and Jones, J, concur.