## SLODOV

### v.

## STRALKA et al.

[Cite as *Slodov v. Stralka* (1991), 71 Ohio App.3d 137.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61160.

Decided Jan. 16, 1991.

*John P. Lutseck,* for relator.

*Kenneth R. Stralka, pro se.*

**138**

*Journal Entry.*

*Sua sponte,* the court denies the above-captioned writ for prohibition for failure to state a claim. The gravamen of Ike Slodov's petition is that the respondents, Judge Kenneth R. Stralka and the Garfield Heights Municipal Court, do not have jurisdiction over a transfer of judgment and a judgment debtor until they serve the judgment debtor pursuant to Rule 4 of the Rules of Civil Procedure. For authority, Slodov relies upon Rules 4 and 69 of the Rules of Civil Procedure. This argument is not well taken.

R.C. 2329.02 controls proceedings for transfers of judgment. It provides in relevant part that "any judgment issued in a court of record may be transferred to any other court of record. Any proceeding for collection may be had on such judgment the same as if it had been issued by the transferee court." Applying this statute to the present case, just as the transferee court, the Cuyahoga County Court of Common Pleas, may issue orders regarding post-judgment proceedings without issuing new process; so too the court to which judgment has been transferred, the Garfield Heights Municipal Court, has jurisdiction of post-judgment proceedings without issuing new process. *Malone v. Revis* (1963), 94 Ohio Law Abs. 301, 30 O.O.2d 467, 200 N.E.2d 802. Thus, upon the transfer of the judgment, the respondents had jurisdiction over the parties in regard to post-judgment collection proceedings.

Slodov's reliance upon Rules 4 and 69 is misplaced. Rule 69 does not require each court to which a judgment has been transferred to issue new process. Its provisions concerning discovery in aid of judgment refer to the discovery rules, not Rule 4. Similarly, Rule 4, by its wording, applies only to commencing a case and serving the complaint. It never refers to post-judgment proceedings. Significantly, Slodov cites no other authorities to support his claims, including his constitutional assertions. This court could find none also.

Accordingly, the writ of prohibition is denied, and the motion for stay of proceedings is denied as moot.

Relator to pay costs.

*Writ denied.*

FRANCIS E. SWEENEY, P.J., KRUPANSKY and DYKE, JJ., concur.