JOURNAL ENTRY AND OPINION
Plaintiff-appellant Stanley Kline ("Kline") appeals from the granting of defendant-appellee Ronald Ducato's ("Ducato") motion to dismiss pursuant to Civ.R. 12(B)(6). For the reasons adduced below, we reverse and remand for further proceedings.
The record on appeal indicates that this case had its genesis in Cuyahoga County Common Pleas Court Case No. 207660, Maine, etal. v. Kline, et al. In Maine, the trial court entered a judgment on November 20, 1992, on an underlying promissory note in favor of plaintiffs and against defendants Kline and Ducato, jointly and severally, in the amount of $94,189 and interest at 9.25% per annum on $80,000 from June 28, 1992. Thereafter, Kline settled the judgment debt on behalf of both tortfeasors (he and Ducato) with a full release of liability and took an assignment from the judgment creditor-plaintiffs in Maine of the judgment amount. This assignment was recorded on January 20, 1998, with the Clerk of Court in the common pleas court.
On February 5, 1998, Kline transferred a certificate of judgment from the common pleas court to Shaker Heights Municipal Court. Kline, as assignee of the judgment amount, then filed in the municipal court an affidavit in aid of execution of the judgment in order to conduct a debtor's examination on Ducato.
At the debtor's examination held on April 27, 1998, Ducato made an oral motion to dismiss the assignment of judgment pursuant to Civ.R. 12(B)(6). The trial court then had the parties submit the motion and its brief in opposition in written format to the court. On June 23, 1998, the trial court granted the motion to dismiss on Kline's attempt at obtaining contribution from Ducato on the basis of failing to state a claim for relief. This order stated the following in pertinent part:
 For the reasons that follow, the plaintiff's claim does not withstand a motion to dismiss.
 Ohio Rev. Code Ann. §§ 2307.32-.33 (Anderson Supp. 1997) govern the right of contribution among joint tortfeasors. The statutory right of contribution "exists only in favor of a tortfeasor who has paid more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount paid by that tortfeasor in excess of that tortfeasor's proportionate share." § 2307.32(A). In addition, "no tortfeasor is compelled to make contribution beyond that tortfeasor's proportionate share of the common liability." Id. Moreover, the right of contribution does not exist "in favor of any tortfeasor who intentionally caused of (sic) intentionally has contributed to the injury or loss to person or property or the wrongful death." Id.
 In the instant case, the plaintiff claims that he is entitled to a right of contribution from the defendant in the amount of $94,189.00 and interest at 9.25% per annum on $80,000 from the 28th day of June, 1992. The plaintiff has not proved that (1) the plaintiff has paid more than his proportionate share of the common liability; (2) the defendant has paid less than his proportionate share of the common liability; nor (3) the plaintiff and the defendant did not intentionally cause nor contribute to the injury or loss to person or property, or the wrongful death. Thus, under § 2307.32(A), the plaintiff has not proved that he is entitled to a right of contribution from the defendant.
 According to § 2307.32(B), "[a] tortfeasor who enters into a settlement with a claimant is not entitled [to] recover contribution from another tortfeasor whose liability * * * is not extinguished by the settlement, or in respect to any amount paid in a settlement that is in exces of what is reasonable."
 In the instant case, plaintiff claims that he settled with the judgment holder for full release of liability against all tortfeasors. Ohio R. Civ. Pro. 10(D) requires that "when any claim * * * is founded on * * * [a] written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." Thus, the plaintiff failed to comply with Ohio R. Civ. Pro. 10(D) by not including a copy of the settlement, nor stating the reason for the omission.
 Furthermore, "[i]f there is a judgment * * * against the tortfeasor seeking contribution, any separate action by that tortfeasor to enforce contribution shall be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review." § 2307.33(C).
 In the instant case, the plaintiff has failed to include the date of the settlement. Thus, the plaintiff has not proved that his contribution action was commenced within the one year statute of limitations imposed by § 2307.33(C).
 The plaintiff has not proved that he is entitled to recover contribution from the defendant under §§ 2307.32-.33. The plaintiff has failed to state a claim upon which relief can be granted.
 Accordingly, pursuant to Ohio R. Civ. Pro. 12(B)(6), the defendant's Motion to Dismiss is granted.
This appeal from the preceding order followed. Appellant presents two assignments of error for review.
 I THE ENTRY OF DISMISSAL SHOULD BE REVERSED, AS THE SHAKER HEIGHTS MUNICIPAL COURT DID NOT HAVE PROPER SUBJECT MATTER JURISDICTION TO RULE ON APPELLEE'S MOTION TO DISMISS OR QUESTION THE JUDGMENT OF THE CUYAHOGA COUNTY COURT OF COMMON PLEAS.
The additional jurisdictional powers of a municipal court in Ohio relative to executing on a transferred judgment are set forth in R.C. 1901.13(A)(2), which states the following:
 (A) In any action or proceeding of which a municipal court has jurisdiction, the court or any judge of the court has the power to do all of the following:
* * *
 (2) Issue any necessary orders in any proceedings before and after judgment, for attachment or garnishment, arrest, aid off execution, trial of the right of property, review of judgment, and appointment of a receiver of personal property, for which authority is conferred upon the courts of common pleas or a judge of the court of common pleas. (Italicization added.)
By the explicit language of R.C. 1901.13(A)(2), the municipal court has only the power to issue orders to aid the execution on a judgment. See Love Ins. Agency, Inc. v. D R Cartage, Inc.
(Aug. 11, 1994), Cuyahoga App. No. 66242, unreported, 1994 WL 422277, at 2, citing Toledo Edison Co. v. Allen (1983), 13 Ohio App.3d 108, and Slodov v. Stralka (1991), 71 Ohio App.3d 137. Stated differently, the municipal court is statutorily precluded from issuing any order which does not aid in the execution on the judgment or otherwise enforce the judgment. The action by the municipal court in dismissing the attempt by Kline to execute on the underlying judgment is clearly an order, which not only does not aid in the execution, but terminates the execution on the judgment. Faced with the aid in execution by Kline and Ducato's effort to absolve himself from liability for the judgment amount, albeit assigned to Kline, the municipal court had only two options, (1) enforce the judgment or (2) stay the execution on the judgment pending a Civ.R. 60(B) review by the common pleas court relative to Ducato's proposed relief from the underlying judgment. Id.
Having concluded that the municipal court was without jurisdiction to entertain the motion to dismiss, we find the first assignment of error well taken.
 II THE ENTRY OF DISMISSAL SHOULD BE REVERSED, AS THE SHAKER HEIGHTS MUNICIPAL COURT APPLIED AND (SIC) IMPROPER STANDARD OF REVIEW IN DETERMINING APPELLEE'S MOTION TO DISMISS UNDER OHIO CIVIL RULE 12(B)(6).
By virtue of the holding in the first assignment of error, the second assignment of error is moot and need not be addressed. See App.R. 12(A)(1)(c)
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., and
ANNE L. KILBANE, J., CONCUR.
JAMES D. SWEENEY, JUDGE