OPINION
{¶ 1} Appellants appeal the October 7, 2003, decision of the Stark County Court of Common Pleas which ordering Appellants to pay to Appellee Monroe Guaranty the sum of $66,249.73 and Appellee Ohio Casualty Group the sum of $100,416.93.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts are pertinent to this appeal:
 {¶ 3} The accident giving rise to this case occurred on March 26, 2000, when a pick up truck being operated by Robert Cash at a high rate of speed, broadsided the vehicle containing three teenagers: Teri M. Backie, Jasmine Backie and Jamie Marapao. Teri M. Backie was operating the vehicle and Jasmine Backie and Jamie Marapao were passengers in said vehicle. All three of the teenagers died as a result of the accident.
 {¶ 4} At the time of the accident, Teri M. Backie lived with her parents, Vickie Backie and Terry B. Backie. Jamie Marapao was also living in the same household because Vickie Backie had legal custody of her. Jasmine Backie lived with her mother, Sharon Renee Hall, sister of Terry B. Backie.
 {¶ 5} On September 20, 2000, Appellants filed a wrongful death complaint against the tortfeasor and numerous insurance companies, seeking, inter alia, UIM benefits based onScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, Sexton v. State Farm Mutual Auto Ins. Co. (1982),69 Ohio St.2d 431, and Ezawa v. Yasuda Fire Marine Ins. Co. ofAmerica (1999), 86 Ohio St.3d 557.
 {¶ 6} Ultimately, the following three insurers paid claims:
 {¶ 7} GEICO INSURANCE COMPANY: the insurer of the owner of the pick up truck driven by Robert Cash, with a $25,000/$50,000 split liability policy. Individual payments of $16,666.66 made to each of the three Estates.
 {¶ 8} OHIO CASUALTY GROUP (OCG): Vicky Backie's personal automobile policy which contained Teri M. Backie as a named driver and listed her automobile as a listed insured vehicle. This policy provided $100,000/$300,000 personal UIM coverage.
 {¶ 9} MONROE GUARANTY INSURANCE COMPANY: the corporate insurer of Vicky Backie and Jasmine Backie's employer, Altercare of Canton, Inc. Altercare was insured under a $1,000,000.00 Commercial Auto UIM Policy and a $6,000,000.00 Umbrella UIM policy.
 {¶ 10} After filing of the lawsuit, OCG offered its policy limits of $300,000.00 to the Plaintiff Estates. OCG advanced $83,333.33 to each Estate, subject to prepayment if OCG was found to share the UIM loss pro-rata with other insurers.
 {¶ 11} On October 10, 2001, releases were executed and the agreement between Plaintiffs and OCG was formalized. Said agreement provided that should Plaintiffs receive funds in excess of $83,333.33 per Estate, Plaintiffs would hold those excess funds in trust for the benefit of OCG and repay any overpayment of OCG's pro rata shares.
 {¶ 12} Even though it had paid its limits, OCG stayed in the litigation in order to argue that other insurers should share its loss on a pro-rata basis.
 {¶ 13} In an Order filed January 10, 2002, the trial court found that the Monroe Guaranty $1,000,000.00 Commercial Auto UIM Policy and Monroe Guaranty's $6,000,000.00 Umbrella UIM policy provided coverage to all three estates.
 {¶ 14} In an Order filed July 18, 2002, the trial court determined that Monroe Guaranty's $1,000,000.00 Commercial Auto UIM Policy was primary and the Ohio Casualty Group $100,000/$300,000 policy and the Monroe Guaranty $6,000,000.00 Umbrella UIM Policy shared the excess loss pro-rata.
 {¶ 15} These Orders were not appealed.
 {¶ 16} On September 18, 2002, the Marapao Estate plaintiffs settled their claims for 325,000.00.
 {¶ 17} On September 26, 2002, the remaining Plaintiff Estates agreed to binding arbitration with Monroe Guaranty.
 {¶ 18} The matter proceeded to arbitration and on November 26, 2002, the arbitration panel awarded $2,900,000 to the Estate of Teri M. Backie and $1,750,000 to the Estate of Jasmine Backie, plus pre-judgment interest.
 {¶ 19} The arbitration award did not make any calculations as to pre or post judgment interest.
 {¶ 20} On December 5, 2002, after a determination as to pre and post judgment interest was made by the parties, Monroe tendered payment in full in accordance with the arbitration award to Plaintiffs in the following amounts: $3,657,990.87 to the Estate of Teri M. Backie and $2,200,799.08 to the Estate of Jasmine R. Backie.
 {¶ 21} On January 28, 2003, subsequent to receipt of the above payments, Monroe Guaranty was voluntarily dismissed with prejudice.
 {¶ 22} The payment of the awards exhausted the Monroe $1,000,000.00 Commercial UIM Auto Policy limits and triggered application of the Monroe $6,000,000.00 Umbrella UIM policy, which pursuant to the trial court's order would share pro-rata with the OCG policy.
 {¶ 23} On April 2, 2003, Ohio Casualty Group sent a demand to Plaintiffs requesting a return of $166,667.00 to be divided between it and Monroe Guaranty.
 {¶ 24} On May 23, 2003, Monroe and OCG, jointly moved the trial court for an Order directing Plaintiffs-Appellants to distribute, pro-rata, the excess insurance proceeds to Appellees.
 {¶ 25} On June 4, 2003, Plaintiffs-Appellants filed a Motion to Strike, and in the alternative, Brief in Opposition to Appellee's Joint Motion.
 {¶ 26} The trial court, in a judgment entry filed on October 7, 2003, ordered Appellants to pay to Appellee Monroe Guaranty the sum of $66,249.73 and Appellee Ohio Casualty Group the sum of $100,416.93.
 {¶ 27} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 ASSIGNMENTS OF ERROR {¶ 28} "I. The trial court erred by ordering plaintiffs to pay Monroe Guaranty Insurance Company $66,249.73.
 {¶ 29} "II. The trial court erred by ordering plaintiffs to pay Ohio Casualty group $100,416.93"
 I. {¶ 30} Appellants contend, in their first Assignment of Error, that the trial court erred when it ordered that they pay to Monroe Guaranty Insurance Company the sum of $66,249.73. We disagree.
 {¶ 31} Appellants argue that the trial court lost jurisdiction to order the return of excess funds to Monroe Guaranty because Monroe was dismissed with prejudice. Appellants further argue that the payments made to them by Monroe were made pursuant to a settlement, and in the alternative, if Monroe is entitled to reimbursement, such should be set off by ten days of post-judgment interest.
 {¶ 32} Upon review, we find that Monroe's $3,657,990.87 payment to the Estate of Teri M. Backie and $2,200,799.08 payment to the Estate of Jasmine R. Backie, were made pursuant to a binding arbitration award, not a settlement. The fact that the parties waived post-judgment interest in consideration of payment within ten days does not transform the arbitration award from an adjudication into a settlement.
 {¶ 33} Monroe paid its obligation to Appellants in full pursuant to the arbitration award, such award having been determined to be "the total value of the claims."
 {¶ 34} It is well settled that a trial court has broad discretion and power to enforce its own orders. Trifiletti v.Wolford (Nov. 8, 2000), Lorain App. No. 99CA007513.
 {¶ 35} The trial court retains jurisdiction over its judgments as well as proceedings in aid of the same." State ExRel. Klein V. Chorpening (1983), 6 Ohio St.3d 3,450 N.E.2d 1161.
 {¶ 36} A trial court retains jurisdiction to enforce a final judgment and to initiate any proceedings in support of that judgment unless a valid stay order and supersedeas bond have been posted. Hagood at 785; Strah v. Lake Cty. Humane Soc.
(1993), 90 Ohio App.3d 822, 836; State ex rel. Klein v.Chorpening (1983), 6 Ohio St.3d 3, 4; White at 272; Vavrinav. Greczanik (1974), 40 Ohio App.2d 129, 132.
 {¶ 37} Regardless of the dismissal of Monroe, the trial court did not lose jurisdiction to enforce its Order as to the excess coverage and pro rata sharing thereof. Such dismissal, by Appellants, did not and could not nullify such Order.
 {¶ 38} Appellants' first assignment of error is denied.
 II. {¶ 39} In their second assignment of error, Appellants argue that the trial court erred in ordering them to pay to Ohio Casualty Group the sum of $100,416.93. We disagree.
 {¶ 40} Appellants are challenging the amount of money the trial court ordered them to pay to OCG in reimbursement in accordance with its determination that OCG's $100,000/$300,000 auto policy and Monroe Guaranty's $6,000,000 umbrella policy provided excess coverage and that they would share in such coverage pro rata.
 {¶ 41} The arbitration award determined the total value of each estate's damages. Appellants have been fully compensated for such damages. Appellants, however, are still in possession of the advanced funds in the amount of $166,666.66 ($83,333.33 per Estate), which must be returned to Appellees as Appellants are not entitled to compensation over and above the damage award.
 {¶ 42} As Appellees have jointly agreed on the pro-rata distribution of this amount, this Court will not disturb same.
 {¶ 43} Appellants' second assignment of error is denied.
 {¶ 44} Accordingly, for the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Boggins, J., Gwin, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellants.