OPINION
{¶ 1} Defendant-appellant, Peterbilt of Cincinnati, Inc., appeals a decision of the Clermont County Court of Common Pleas ordering Peterbilt to attend a deposition and awarding plaintiff-appellee, Gordon Construction Inc., $1,500 in attorney fees.
 {¶ 2} On November 1, 2001, the trial court entered a judgment against Peterbilt and in favor of Gordon for $18,101.54. Peterbilt appealed the trial court's decision to this court[1] but did not seek a stay of execution of the judgment under Civ.R. 62(B). While the case was pending on appeal, Gordon notified Peterbilt of its intention to take Peterbilt's deposition on February 24, 2003 pursuant to Civ.R. 30(B)(5). Peterbilt moved to quash the notice of deposition and did not appear for the deposition. At a hearing on the motion, Gordon argued that it was properly seeking Peterbilt's deposition under Civ.R. 69. Peterbilt argued that because Civ.R. 69 conflicted with R.C. 2333.09, Gordon was required to secure an examination order from the trial court under R.C. 2333.09 before it could take Peterbilt's deposition. The trial court denied Peterbilt's motion to quash.
 {¶ 3} Subsequently, Gordon notified Peterbilt of its intention to take Peterbilt's deposition on March 24, 2003. Gordon warned Peterbilt that if it refused to comply with the deposition notice, sanctions would be sought. Four days before the scheduled deposition, Peterbilt sent Gordon a copy of a certificate of title regarding a lien-free truck with an alleged value of $38,000 in Peterbilt's possession and available for execution. Peterbilt notified Gordon that since it had provided Gordon with a way to execute the judgment, Peterbilt did not need to attend the deposition. Indeed, Peterbilt did not appear for the March 24, 2003 deposition.
 {¶ 4} Consequently, Gordon filed a motion to compel and for sanctions. On July 29, 2003, the trial court granted Gordon's motion to compel and ordered Peterbilt to attend a deposition on August 1, 2003. During a hearing on the motion to compel, the trial court noted that while Gordon could have simply executed upon the truck, Peterbilt could also have satisfied the judgment by simply selling the truck itself. The trial court also noted how Peterbilt failed to seek a stay of execution of the judgment, which in turn allowed Gordon to proceed under Civ.R. 69,[2]
or a protective order against the notice of deposition. The trial court agreed with Gordon that it was not up to Peterbilt, the judgment debtor, to select which property was available for execution. On February 19, 2004, the trial court ordered Peterbilt to pay Gordon $1,500 in attorney fees as sanctions under Civ.R. 37(D). This appeal follows in which Peterbilt raises two assignments of error.
 {¶ 5} In it first assignment of error, Peterbilt argues that the trial court erred by compelling Peterbilt to appear for deposition under Civ.R. 69 rather than under R.C. 2333.09 while the case was on appeal to this court. Peterbilt contends that Civ.R. 69 and R.C. 2333.09 are in conflict, and that by requiring a judgment creditor to obtain a court order before examining a judgment debtor, R.C. 2333.09 confers a substantive right to the judgment debtor. As a result, Gordon was required to secure an examination order from the trial court under R.C. 2333.09 before it could take Peterbilt's deposition.
 {¶ 6} Civ.R. 69 provides in part that "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution[.] * * * In aid of the judgment or execution, the judgment creditor * * * may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules."
 {¶ 7} R.C. 2333.09 provides in part that "[a] judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part."
 {¶ 8} Upon reviewing both provisions, we find no conflict between the two. Civ.R. 69 controls the process to enforce a money judgment after it is entered. Under the broad language of Civ.R. 69, a judgment creditor may use all the discovery devices set forth in Civ.R. 29 through 36 and Civ.R. 45 to obtain discovery from any person in order to discover property subject to execution. The broad language of Civ.R. 69 is not limited to the judgment debtor. As a result, the fact that individuals or entities were not parties to the litigation does not exempt these individuals or entities from discovery under Civ.R. 69. SeeSchluter v. PSL Motors, Inc. (June 29, 2000), Richland App. No. 99 CA 67.
 {¶ 9} Contrary to Peterbilt's contention, R.C. 2333.09 does not provide any right, including substantive, to a judgment debtor. In that regard, we note that Peterbilt has not provided, and we have not found, any cases to support its assertion that R.C. 2333.09 confers a substantive right to judgment debtors. Rather, the plain language of R.C. 2333.09 clearly allows a judgment creditor, if he so chooses, to seek and get an examination order from the trial court. Thus, R.C. 2333.09 gives the judgment creditor the option to obtain such a court order before examining a judgment debtor. R.C. 2333.09 does not require a judgment creditor to get such a court order before examining a judgment debtor, nor does it limit the judgment creditor to this procedure as its sole remedy to conduct discovery against a judgment debtor. Likewise, R.C. 2333.09 does not give the judgment debtor the right that it be examined solely in this manner.
 {¶ 10} Absent a proper stay of proceedings, a judgment creditor is entitled to enforce its judgment by any means provided by law, including pursuant to Civ.R. 69, see Klein,6 Ohio St.3d 3, or pursuant to R.C. 2333.09. See Cook v. Carrigan Mains Funeral Home, Inc. (1992), 79 Ohio App.3d 328. We therefore find that Civ.R. 69 and R.C. 2333.09 are not mutually exclusive. See Bates v. Midland Title of Ashtabula Cty, Inc.,
Lake App. No. 2003-L-127, 2004-Ohio-6325.
 {¶ 11} Accordingly, the trial court did not err by compelling Peterbilt to appear for deposition pursuant to Civ.R. 69 rather than R.C. 2333.09 while the case was on appeal to this court. Peterbilt's first assignment of error is overruled.
 {¶ 12} Under its second assignment of error, Peterbilt argues that the trial court erred by ordering Peterbilt to pay Gordon $1,500 in attorney fees as sanction for Peterbilt's refusal to attend deposition. Peterbilt first contends the award is improper in light of Peterbilt's "good faith" attempt to provide Gordon with a truck to satisfy the judgment. Peterbilt also challenges the amount of the award in light of its expert witness testimony.
 {¶ 13} Civ.R. 37(D) provides in part that "[i]f a party * * * fails * * * to appear before the officer who is to take his deposition after being served with a proper notice, * * * the court [may] require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses just." A trial court has broad discretion when imposing discovery sanctions. See Nakoffv. Fairview Gen. Hosp., 75 Ohio St.3d 254, 1996-Ohio-159.
 {¶ 14} The record plainly shows that even after the denial of its motion to quash, wherein the trial court found that Gordon could seek to depose Peterbilt under Civ.R. 69, Peterbilt persistently refused to appear for deposition, opting instead to provide Gordon with a copy of a certificate of title of a truck four days before the scheduled deposition. From the record before us, Peterbilt also never offered to satisfy the judgment by simply paying it or by selling the truck itself. During the hearing on attorney fees, Gordon's attorney indicated that he eventually discovered that all of Peterbilt's assets were sold to a third party, except the truck which was instead transferred to the sole shareholder of Peterbilt for a purported sale price of $38,000.
 {¶ 15} Gordon's attorney also testified that he was seeking $1,942 in attorney fees, based on the amount of time spent by him and an associate on the motion to compel and their respective rates. Although they had originally spent a total of 16.50 hours, the attorney testified he was of the opinion the time should be reduced to a total of 9.75 hours. The attorney testified that based upon his experience, their rates were reasonable for attorneys of their experience in the southwestern Ohio community.
 {¶ 16} The bulk of Peterbilt's expert witness testimony dealt with the fact that he (the expert witness) uses judgment debtor examinations rather than the deposition process, and the costs and charges involved in conducting a judgment debtor examination in Clermont County. Peterbilt's expert witness summarily testified that had the motion to compel been filed by a Clermont County attorney, the charges in preparing and arguing such a motion would have been "5 to $700 max."
 {¶ 17} In awarding $1,500 in attorney fees to Gordon, the trial court reiterated that Gordon had the option of proceeding either by deposition or by judgment debtor examination, and that while Peterbilt offered Gordon the ability to execute against a truck, that did not preclude Gordon of its right to proceed by deposition. The trial court declined to find that Gordon's failure to use a Clermont County attorney to file the motion to compel was unreasonable, especially "[g]iven the fact that most of the collections in [Clermont] County, other than those done by the Prosecutor's Office are done by Hamilton County attorneys." The record shows that Gordon's attorney practices in Hamilton County and that he was the attorney who filed the complaint in this case which resulted in the $18,101.54 judgment against Peterbilt.
 {¶ 18} In light of the foregoing, we find that the trial court did not abuse its discretion by ordering Peterbilt to pay Gordon $1,500 in attorney fees as sanction for Peterbilt's refusal to attend deposition. Peterbilt's second assignment of error is overruled.
 {¶ 19} Judgment affirmed.
Powell and Valen, JJ., concur.
[1] The decision of the trial court was affirmed by this court in Gordon Constr., Inc. v. Peterbilt of Cincinnati, Inc.,
Clermont App. No. CA2002-11-094, 2003-Ohio-5111.
[2] An appeal does not prevent discovery after judgment in aid of execution pursuant to Civ.R. 69 if the appellant has not applied for a stay of execution of the judgment and filed a supersedeas bond. See State ex rel. Klein v. Chorpening (1983),6 Ohio St.3d 3.