[Cite as *Myosky v. Myosky*, 2014-Ohio-4398.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY


Scott Myosky                                     Court of Appeals No. OT-14-002

      Appellee                                Trial Court No. 11DR171

v.

Lois Myosky                                      **DECISION AND JUDGMENT**

      Appellant                               Decided:  October 3, 2014

* * * * *

Lois Myosky, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Lois Myosky, appeals the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, granting the motion to modify custody/parental rights and responsibilities and motion to modify child support in accordance with custody and modification of appellee, Scott Myosky.  We affirm the judgment, in part, and reverse, in part.  We conclude the trial court properly adopted the

magistrate's decision finding appellee should be the legal custodian of the minor children. However, because the trial court erred in its calculation of appellant's child support obligation, we vacate that portion of the judgment and remand the matter for further proceedings.

{¶ 2} Appellant sets forth the following assignments of error:

1. The trial court denied the appellant her constitutional rights to due process and equal protection of the law when it ordered the appellant to pay child support contrary to the long standing law and legal authority on the matter.

2. The trial court committed reversible error when it terminated and/or modified the shared parenting plan that was agreed to by the parties in 2011.

{¶ 3} Appellant and appellee were married in 2000 and are the parents of two minor children. On October 3, 2011, a petition for dissolution of marriage was filed by the parties. On November 21, 2011, a judgment entry of dissolution was entered, into which were incorporated a separation agreement and shared parenting plan that the parties had negotiated. The shared parenting plan provided that appellee would pay appellant $289.51 per month for child support for the children.

{¶ 4} On April 23, 2013, appellee filed a motion to modify custody of the minor children and to modify child support payments. Appellee alleged there was a change in circumstances, pursuant to R.C. 3109.04, and parental rights should be reallocated to him.

2.

Appellee also requested, that upon reallocation, the court reestablish the child support obligation of the parties.

{¶ 5} On August 29, 2013, a magistrate heard testimony from the parties regarding appellee's motions. On August 30, 2013, the magistrate issued his decision which included findings of fact and attached to which were two exhibits, a completed standard child support orders form and child support computation summary worksheet. The magistrate determined a change of circumstances had occurred since the time of the initial custody order of 2011, it was in the best interest of the children to grant legal custody to appellee, and any harm resulting from the change in the children's environment was outweighed by the benefit of the change. The magistrate found appellant lives with a man who is a registered sex offender and who has a domestic violence charge pending against him in which appellant is the victim. The magistrate further found neither appellant nor her boyfriend was employed but appellant received Social Security disability payments of $1,006 monthly and each child received $222 monthly through her claim. In addition the magistrate found, for the purpose of child support calculation, appellant was voluntarily unemployed and imputed income to her of $6,000 a year. The magistrate awarded appellant standard visitation with the children and ordered her to pay child support to appellee in the amount of approximately $110 per month for both children.

{¶ 6} Appellant filed objections to the magistrate's decision wherein she contended the finding by the magistrate that she was voluntarily unemployed was not

3.

supported by the evidence as she is disabled and has not been released to return to work. Appellant also argued, according to the authority in *Williams v. Williams*, 88 Ohio St.3d 441, 727 N.E.2d 895 (2000), she was entitled to a complete credit in her child support obligation for the Social Security payments received by the minor children due to her disability. Appellant further asserted there was no evidence her boyfriend's status as a registered sex offender, based on his conviction for corruption of a minor, had "any bearing on the whether the minor children should be allowed to continue in the prior shared parenting plan that has been in place since 2011." As to the domestic violence charge, appellant submitted it was an ongoing, unresolved matter and neither of the minor children was present during the alleged incident.

{¶ 7} On January 3, 2014, the trial court issued its decision and order overruling appellant's objections. After undertaking a careful and independent examination of the magistrate's decision, the court found the decision sufficient to make an independent analysis of the issues and to apply the appropriate law in reaching its judgment. The trial court noted when an objecting party fails to provide a transcript to the court, the court may adopt the magistrate's factual findings without further consideration. The trial court found appellant had failed to provide a transcript of proceedings or other relevant material as required by Civ.R. 53. Thus, the trial court adopted the magistrate's factual findings and incorporated into its decision and order the exhibits attached to the magistrate's decision.

4.

**{¶ 8}** Civ.R. 53(D)(3)(b)(iii) provides that a party objecting to a magistrate's finding of fact shall support the objection with a "transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."  When an objecting party fails to file a transcript or an affidavit in support of the objections to the magistrate's decision, the trial court's review of the magistrate's decision is limited to an examination of the conclusions of law predicated on those facts. *Allread v. Allread*, 2d Dist. Darke No. 2010-CA6, 2011-Ohio-1271, ¶ 18; *Crawford v. Crawford*, 5th Dist. Richland No. 10CA36, 2010-Ohio-4239, ¶ 16.  Moreover, a party who fails to comply with any of the provisions of Civ.R. 53(D)(3)(b) cannot assign as error on appeal, except for a claim of plain error, the trial court's adoption of the magistrate's factual findings or legal conclusions.  Civ.R. 53(D)(3)(b)(iv).

**{¶ 9}** The plain error doctrine should only be applied by reviewing courts in those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.  *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

**{¶ 10}** Here, since no transcript or affidavit was filed by appellant with the trial court, we are bound by the magistrate's factual findings, subject to plain error, and can only review the legal issues raised to determine whether the trial court's application of

5.

the law was proper or if the court abused its discretion. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995).

{¶ 11} An abuse of discretion connotes more than an error of law or judgment, it implies the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  However, when a trial court's decision is based on an erroneous standard or a misconstruction of the law, it is not proper for a reviewing court to use an abuse of discretion standard. *State v. Nguyen*, 157 Ohio App.3d 482, 2004-Ohio-2879, 811 N.E.2d 1180, ¶ 16 (6th Dist.)  The decision will be reviewed de novo, as "it is appropriate for an appellate court to substitute its judgment for that of the trial court where matters of law are involved."  (Citation omitted.)  *Id.*

{¶ 12} In her first assignment of error, appellant argues the trial court erred by failing to apply the *Williams* authority to her child support obligation.  Appellant also contends since the case before the court involves strictly issues of law, no transcript was needed or submitted.

{¶ 13} Child support is governed by R.C. Chapter 3119.  Gross income, for purposes of child support calculation, includes

> the total of all earned and unearned income from all sources during a
> calendar year, whether or not the income is taxable, and includes income
> from salaries, wages, * * * social security benefits, including retirement,
> disability, and survivor benefits that are not means-tested; workers'

6.

compensation benefits; unemployment insurance benefits; disability insurance benefits; * * * all other sources of income. R.C. 3119.01(C)(7).

{¶ 14} In *Williams*, at the syllabus, the Supreme Court of Ohio held "[a] disabled parent is entitled to a full credit in his or her child support obligation for Social Security payments received by a minor child due to the parent's disability."

{¶ 15} This court, in *Parker v. Parker*, 6th Dist. Sandusky No. S-10-026, 2011-Ohio-5684, ¶ 10, found

Ohio appellate courts have since interpreted and applied *Williams* unequivocally to mean that, for purposes of child support calculations, Social Security disability payments are to be included in the recipient's income and then credited back against that parent's child support obligation. *See Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701; *Alexander v. Alexander*, 10th Dist. No. 09AP-262, 2009-Ohio-5856; *Hirzel v. Ooten*, 4th Dist. Nos. 06CA10, 07CA13, 2008-Ohio-7006; *Slowbe v. Slowbe*, 8th Dist. No 83079, 2004-Ohio-2411; and *Breen v. Kraus*, 12th Dist. No. CA2002-06-143, 2003-Ohio-505. * * * If the recipient is the non-custodial parent, then the Social Security payments are credited against his or her child support obligation.

{¶ 16} Here, the child support computation summary worksheet completed by the magistrate, which is attached to and incorporated into the trial court's decision and order, shows the only income for appellant is the $6,000 imputed to her. The worksheet does

not include appellant's disability payments or the disability payments she received on behalf of the minor children in her gross income, nor a credit for the disability payments she received on behalf of the minor children against her child support obligation. Accordingly, the trial court erred in its calculation of appellant's child support obligation by not including the disability payments in her gross income, and not crediting the disability payments she received on behalf of her children against her child support obligation, as required by *Williams*. We therefore find appellant's first assignment of error well-taken, and remand this issue to the trial court to recalculate appellant's child support obligation.

{¶ 17} In her second assignment of error, appellant argues the trial court erred when it terminated and/or modified the shared parenting plan based on the facts as found by the magistrate.

{¶ 18} R.C. 3109.04 governs the domestic relations court's allocation of parental rights and responsibilities and sets forth the procedures and standards the courts must use in proceedings pertaining to such matters. *Braatz v. Braatz*, 85 Ohio St.3d 40, 44, 706 N.E.2d 1218 (1999). R.C. 3109.04 (E)(1)(a) provides in pertinent part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to

8.

a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

**{¶ 19}** "Whether a change in circumstance has occurred sufficient to warrant modification of a prior custody order is necessarily a factual determination." *In re R.L.H.*, 8th Dist. Cuyahoga No. 100327, 2014-Ohio-3411, ¶ 25.

**{¶ 20}** Here, we must accept the findings of fact in the magistrate's decision as true since no transcript was filed. Our review is therefore limited to whether the trial court's adoption of the magistrate's conclusions of law based on those facts was plain error. A thorough review of the magistrate's decision as well as the trial court's decision and order leads us to conclude the trial court did not commit plain error. Accordingly, appellant's second assignment of error is found not well-taken.

**{¶ 21}** On consideration, the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, and reversed, in part. This matter is remanded to that court to correct errors in calculating appellant's child support obligation. It is ordered that appellant and appellee split the court costs of this appeal equally pursuant to App.R. 24.

Judgment affirmed in part,
and reversed, in part.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                          JUDGE

Thomas J. Osowik, J.

                                          _____
Stephen A. Yarbrough, P.J.                               JUDGE
CONCUR.

                                          _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.