[Cite as *Ohio Dept. of Taxation v. Mason*, 2016-Ohio-1289.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, DEPARTMENT OF TAXATION, | : | |
| | : | CASE NO. CA2015-08-072 |
| Appellant, | : | O P I N I O N |
| | : | 3/28/2016 |
| - vs - | : | |
| | : | |
| TIMOTHY L. MASON, | : | |
| Appellee. | : | |
| | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2010-ST-0991


Mann & Carducci Co., LPA, Mary Spahia-Carducci and Robert J. Mann, 1335 Dublin Road, Suite 212-A, Columbus, Ohio 43215, for appellant

Timothy L. Mason, 1200 Forest Run Drive, Batavia, Ohio 45103, appellee, pro se


**S. POWELL, J.**

{¶ 1} Appellant, State of Ohio, Department of Taxation ("Department"), appeals from the decision of the Clermont County Court of Common Pleas denying its motion to compel discovery from appellee, Timothy L. Mason. For the reasons outlined below, we reverse and remand for further proceedings.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

{¶ 2} This case involves the Department's post-judgment attempt to collect on one of several tax judgment liens filed against Mason for unpaid personal income tax liability owed to the state totaling more than $250,000. As relevant here, on February 16, 2010, the Department filed a praecipe with the trial court certifying that a tax judgment lien against Mason amounting to $56, 431.77 had become final by operation of law. Several years later, on December 19, 2014, the Department served Mason with a request for production of documents in accordance with Civ.R. 26, 34, and 69, specifically asking Mason to respond to its discovery request "within twenty-eight (28) days of service herein."

{¶ 3} On July 1, 2015, after Mason failed to respond to the Department's request, the Department filed a motion to compel in accordance with Civ.R 37(D). The trial court, however, denied the Department's motion by finding "[i]t is clear that [the Department] failed to designate a period of time in which [Mason] was to respond to the requests consistent with [Civ.R. 26, 34, and 69]." The trial court also determined that the Department "shortened the response time without leave of court by stating that the responses were due within twenty-eight (28) days from service of each."

{¶ 4} The Department now appeals from the trial court's decision denying its motion to compel, raising three assignments of error for review. For ease of discussion, we will address the Department's three assignments of error together.[2]

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE LOWER COURT ERRED AS A MATTER OF LAW IN DENYING [THE DEPARTMENT'S] MOTION TO COMPEL ON THE ALLEGED GROUNDS THAT THE REQUEST FOR PRODUCTION OF DOCUMENTS FAILED TO DESIGNATE A PERIOD OF

---

2. We note that Mason did not file an appellate brief for our consideration in this matter. Pursuant to App.R. 18(C), when an appellee fails to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

TIME IN WHICH TO RESPOND.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE LOWER COURT ERRED AS A MATTER OF LAW IN DENYING [THE DEPARTMENT'S] MOTION TO COMPEL ON THE GROUNDS THAT THE REQUEST FOR PRODUCTION OF DOCUMENTS FAILED TO PROVIDE THE RESPONSE TIME PERMITTED UNDER RULE 34 OF THE OHIO RULES OF CIVIL PROCEDURE.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE LOWER COURT ERRED IN FAILING TO GRANT [THE DEPARTMENT'S] MOTION TO COMPEL.

{¶ 11} In its three assignments of error, the Department argues the trial court erred by denying its motion to compel.[3] We agree.

{¶ 12} Generally, trial courts are given broad discretion in the management of discovery. *Baker v. Meijer Stores Ltd. Partnership*, 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 11. As a result, "an appellate court will not reverse a trial court's decision to sustain or overrule a motion to compel discovery absent an abuse of discretion." *Stark v. Govt. Accounting Solutions, Inc.*, 10th Dist. Franklin No. 08AP-987, 2009-Ohio-5201, ¶ 14. However, "where a trial court's order is based on a misconstruction of law, it is not appropriate for a reviewing court to use an abuse-of-discretion standard." *Van-Am. Ins. Co. v. Schiappa*, 132 Ohio App.3d 325, 330 (7th Dist.1999), citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346 (2d Dist.1992). Rather, this court will apply a de novo standard of review. *Myosky v. Myosky*, 6th Dist. Ottawa No. OT-14-002,

---

3. This court originally dismissed this appeal after finding the order appealed from was not a final and appealable order. However, on reconsideration, this court reinstated the appeal, concluding the order appealed was a final and appealable order from a post-judgment collection action where there were no further matters pending before the trial court. *Ohio Dept. of Taxation v. Mason*, 12th Dist. Clermont No. CA2015-08-072 (Nov. 12, 2015) (Entry Granting Application for Reconsideration and Reinstating Appeal).

2014-Ohio-4398, ¶ 11.  In conducting a de novo review, "this court independently reviews the record without giving deference to the trial court's decision."  *Roberts v. Mike's Trucking, Ltd.*, 12th Dist. Madison Nos. CA2013-04-011 and CA2013-04-014, 2014-Ohio-766, ¶ 24.

{¶ 13} "Civ.R. 69 controls the process to enforce a money judgment after it is entered." *Gordon Constr., Inc. v. Peterbilt of Cincinnati, Inc.*, 12th Dist. Clermont No. CA2004-03-018, 2004-Ohio-6662, ¶ 8.  Civ.R. 69 provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise.  The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law.  In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

Civ.R. 69, therefore, "expressly permits a judgment creditor to conduct post judgment discovery." *Carter-Jones Lumber Co. v. Jewell*, 3d Dist. Van Wert No. 15-08-05, 2008-Ohio-4782, ¶ 14.  This can be done through the use of all discovery devices set forth within the Ohio Rules of Civil Procedure.  *Schluter v. PSL Motors, Inc.*, 5th Dist. Richland No. 99 CA 67, 2000 WL 964965, *3 (June 29, 2000).

{¶ 14} As noted above, on December 19, 2014, the Department served Mason with a request for production of documents in accordance with Civ.R. 26, 34, and 69, specifically asking Mason to respond to its discovery request "within twenty-eight (28) days of service herein."  The trial court, however, found the Department's request was invalid because it did not comply with the requirements of the Civil Rules, particularly that of Civ.R. 34(B)(1), which provides, in pertinent part:

> The party upon whom the request is served shall serve a written response within a period designated in the request that is *not less than twenty-eight days after the service of the request* or within a shorter or longer time as the court may allow.

- 4 -

(Emphasis added.)

{¶ 15} Although not directly on point, the Ohio Supreme Court dealt with a similar issue in *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66 (1985), as it relates to a request for admissions under Civ.R. 36. Pursuant to Civ.R. 36(A)(1):

> Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, *not less than twenty-eight days after service of the request* or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(Emphasis added.)

{¶ 16} In *Willis*, appellant was served with a request for admissions that required a response "within twenty-eight 28 days," the same language contained in the Department's request for production of documents at issue here. *Id.* at 66. Appellant, however, failed to file a timely response, thus rendering the admissions deemed admitted. *Id.* The matter was then appealed, where appellant argued the admissions should not be deemed admitted since "the instruction with respect to the response time for the requests was improper and that a proper instruction would have read 'within thirty-two (32) days.'" *Id.* at 68.

{¶ 17} In support of this argument, appellant relied on a municipal court opinion in *Buckeye Union Ins. Co. v. McGraw*, 64 Ohio Misc. 61 (M.C.1980), which found "the minimum time prescribed by the rules for response to requests to admit which are served by mail is thirty-two days." The Supreme Court, however, disagreed with the holding in *McGraw* and the municipal court's interpretation and construction of Civ.R. 36. In so holding, the Supreme Court stated:

> In *Buckeye Union Ins. Co. v. McGraw, supra*, the court stated

that the minimum time prescribed by the rules for response to requests to admit which are served by mail is thirty-two days. The court calculated the minimum prescribed time by adding the twenty-eight days provided for in Civ.R. 36(A) to the additional three days provided for in Civ.R. 6(E) when notice is received by mail *and then adding a day based on its interpretation of the preposition "within" as used in Civ.R. 36(A).* The court stated that if the instruction with respect to the response time for requests to admit fails to give the minimum prescribed time period the party served may ignore the requests.

*We disagree with the municipal court's interpretation and construction of the rules. Civ.R. 36(A) states that responses are due "within a period designated in the request, not less than twenty-eight days." A designated period of twenty-eight days satisfies the requirement of the rule.*

(Emphasis added.)

{¶ 18} In light of the Supreme Court's decision in *Willis*, and because Civ.R. 34(B)(1) and 36(A)(1) contain identical language indicating the recipient was to respond "not less than twenty-eight days after service of the request," we find the trial court erred by denying the Department's motion to compel. In reaching this decision, we note that the two cases relied on by the trial court, *McGreevy v. Bassler*, 10th Dist. Franklin No. 07AP-283, 2008-Ohio-328; and *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2d Dist. Montgomery No. 23792, 2010-Ohio-4762, are distinguishable from the case at bar since both cases deal with situations where there was no established date upon which the recipient was to respond, whereas in this case, the Department's discovery request specifically provided Mason with a designated period of 28 days. Therefore, because we find trial court erred by denying the Department's motion to compel, the Department's three assignments of error are sustained, the trial court's decision is reversed, and this matter is remanded for further proceedings.

{¶ 19} Judgment reversed and remanded.

PIPER, P.J., and HENDRICKSON, J., concur.