[Cite as *Ohio Dept. of Taxation v. Tolliver*, 2016-Ohio-7223.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103799 and 103800**

# STATE OF OHIO DEPARTMENT OF TAXATION

PLAINTIFF-APPELLANT

vs.

# DARYL L. TOLLIVER, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. JL-13-623065 and JL-14-672854

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 6, 2016

**ATTORNEYS FOR APPELLANT**

Mary Spahia-Carducci
Robert J. Mann
Mann & Carducci Co., L.P.A.
1335 Dublin Rd., Suite 212-A
Columbus, OH 43215


**FOR APPELLEES**

Daryl and Tonya Tolliver, pro se
18912 Scottsdale Blvd.
Cleveland, OH 44122

William J. Amos, pro se
4920 Commerce Pkwy., Suite 3
Cleveland, OH 44128

MELODY J. STEWART, J.:

{¶1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Accordingly, the plaintiff-appellant, the State of Ohio Department of Taxation ("DOT"), agrees to this court's rendering an opinion in brief and conclusory form. *See State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1. The subject of the two cases consolidated in this appeal is whether DOT may avail itself of post-judgment discovery under Civ.R. 69 to aid in the execution of its judgment lien, or whether post-judgment discovery is limited to requesting an order from the trial court in aid of execution under R.C. 2333.09.

{¶2} DOT obtained money judgments for unpaid taxes from appellees in their respective cases. DOT filed judgment liens against appellees under R.C. 5739.13(C) and 5747.13 for unpaid sales and income taxes. DOT requested discovery from appellees pursuant to Civ.R. 26, 34, and 69. When appellees failed to respond, DOT filed motions to compel discovery with the court. The court denied the motions, reasoning that DOT was required to conduct discovery pursuant to R.C. 2333.09 and not Civ.R. 69. DOT appeals both orders denying its motions to compel. Prior to oral argument, this court's administrative judge issued a sua sponte order stating that the denial of the motions to compel in this case were final appealable orders under R.C. 2505.02.

**{¶3}** A trial court has broad discretion to regulate discovery proceedings. Accordingly, appellate courts review the decision of the trial court on such matters for an abuse of discretion. However, where a court's ruling on a discovery motion is based on an incorrect legal assumption, appellate courts may review the ruling de novo and correct the legal error. *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808 (2d Dist.1992). Because this appeal presents a purely legal question, we proceed by reviewing the question of law de novo.

**{¶4}** Civ.R. 69 states that:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

**{¶5}** R.C. 2333.09 states:

A judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part. Such order shall be issued by a probate judge or

a judge of the court of common pleas in the county in which the judgment was rendered or in which the debtor resides, requiring such debtor to appear and answer concerning his property before such judge, or a referee appointed by him, at a time and place within the county to be specified in the order.

{**¶6**} By its terms, R.C. 2333.09 is a permissive statute that allows the judgment creditor to seek an examination order from the court if the judgment creditor so chooses. The judgment creditor does not have to use a debtor's examination to obtain the debtor's financial information or other discovery items necessary for executing on a judgment. Rather, the debtor also has the option of conducting discovery pursuant to the civil rules. *Accord Gordon Constr., Inc. v. Peterbilt of Cincinnati, Inc.*, 12th Dist. Clermont No. CA2004-03-018, 2004-Ohio-6662, ¶ 10 (stating, "a judgment creditor is entitled to enforce its judgment by any means provided by law, including pursuant to Civ. R. 69 or pursuant to R.C. 2333.09."); *see also Carter-Jones Lumber Co. v. Jewell*, 3d Dist. Van Wert No. 15-08-05, 2008-Ohio-4782, ¶ 14; *Dept. of Taxation v. Mason*, 12th Dist. Clermont No. CA2015-08-072, 2016-Ohio-1289, ¶ 13.

{**¶7**} Accordingly, we reverse the order of the trial court denying DOT's motion to compel.

{**¶8**} Judgment reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR