THE STATE, EX REL. KLEIN, *v.* CHORPENING, JUDGE, ET AL.

[Cite as State, ex rel. Klein, *v.* Chorpening (1983), 6 Ohio St. 3d 3.]

(No. 83-151—Decided July 13, 1983.)

*Mr. Robert M. Draper* and *Mr. Mark Sladoje, Jr.,* for relator.
*Messrs. Wilson, Murray, Anderson & Vercillo* and *Mr. Joseph Murray,* for respondents.

*Per Curiam.* The issuance of a writ of prohibition is dependent upon proof of the following conditions: (1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists. *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76 [15 O.O.3d 117]. It is conceded that respondents are about to exercise judicial power. Relator contends that respondents' actions were unauthorized by law because they lost jurisdiction over the subject matter and the person when he filed his notice of appeal.

Civ. R. 62 (B) permits appellants to obtain a stay of execution of judgment or a stay of proceedings in execution of judgment upon posting a supersedeas bond. R.C. 2505.09 clearly states:

"No appeal shall operate as a stay of execution * * * until a supersedeas bond is executed by the appellant to the adverse party with sufficient surety and in such sum * * * as is directed by the court making the order which is sought to be superseded * * *."

Until and unless a supersedeas bond is posted the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same. See *McMillen* v. *Watts* (1950), 67 Ohio Law Abs. 33, appeal dismissed (1951), 154 Ohio St. 502 [43 O.O. 433].

Civ. R. 69 permits judgment creditors to obtain discovery in aid of execution. A writ of execution is not a prerequisite to such relief. Civ. R. 5 (B) permits service to be made upon a party's attorney where such party is known to be represented by an attorney of record, as was relator. Therefore, notice of the proceedings in execution of judgment and of the consequent proceedings in contempt was given "in the manner provided in these rules," pursuant to Civ. R. 69.

Furthermore, with regard to respondent's finding of contempt, R.C. 2705.09 states that "[t]he judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal." Relator therefore has a right of appeal. This court has consistently held that prohibition will not be used as a substitute for appeal. *State, ex rel. Crebs,* v. *Court of Common Pleas* (1974), 38 Ohio St. 2d 51, 52 [67 O.O.2d 61].

Relator has failed to meet all the conditions necessary for the issuance of a writ of prohibition. The writ is therefore denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER, J., not participating.