**VAN–AMERICAN INSURANCE COMPANY et al., Appellants,**

v.

**SCHIAPPA, Exr., Appellee.**

[Cité as *Van–Am. Ins. Co. v. Schiappa* (1999), 132 Ohio App.3d 325.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 97–JE–45.

Decided Feb. 22, 1999.

*John Preston Bailey,* for appellants.

*Harry W. White,* for appellee.

---

GENE DONOFRIO, Presiding Judge.

Plaintiffs-appellants, Van-American Insurance Company and Clarendon National Insurance Company, appeal the decision of the Jefferson County Court of Common Pleas issuing a protective order against interrogatories and a request for production of documents filed by appellants against defendant-appellee, Michael Schiappa, in his capacity as executor of the estate of Orlando Schiappa.

Appellants are insurance companies providing coal–mining reclamation bonds to coal operators. Sometime prior to 1994, appellants issued reclamation bonds to American Industries and Resources Corporation ("AIR Corp."), of which Orlando Schiappa was president. The bonds were to be issued to American Coals Corporation, a wholly owned subsidiary of AIR Corp., and were for an aggregate principal amount of $415,000. In connection with the issuance of the bonds, AIR Corp. provided appellants with a general contract of indemnity executed by Orlando Schiappa personally and in his capacity as president of AIR Corp. A guarantee was also executed in favor of appellants by AIR Corp. and Orlando Schiappa personally.

On September 23, 1994, American Coals Corporation filed for voluntary bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia. Appellants then made a formal demand of Orlando Schiappa that pursuant to the general contract of indemnity, he deposit with appellants $415,000. Orlando Schiappa did not comply with the request, and appellants filed a complaint in the Jefferson County Court of Common Pleas.

Orlando Schiappa died on May 30, 1995. Consequently, appellee, as executor of the estate of Orlando Schiappa, was substituted as the party defendant. Thereafter, appellants and appellee reached an agreement whereby appellants would receive a judgment against appellee in the amount of $400,000, but would agree not to levy on any funds or property included within the probate estate, but instead would share pro rata with other claimants in the usual order of distribution. This agreement was journalized in a judgment entry dated November 1, 1996.

Believing that during his lifetime Orlando Schiappa had transferred assets to others in violation of the Ohio Uniform Fraudulent Transfer Act, on March 10, 1997, appellants filed a separate action against the heirs of Orlando Schiappa seeking to have the transfers voided (case No. 97 CV 202).[1] Appellee was not named in this separate action, except in his personal capacity as an heir-at-law.

On June 19, 1997, appellants served "Plaintiffs' First Set of Interrogatories and Requests for Production of Documents in Aid of Execution" upon appellee. On July 21, 1997, appellee filed objections to appellants' interrogatories and requests for documents, and requested a protective order, claiming that the requested discovery was not in aid of execution of the judgment but was instead a collateral attempt to obtain discovery for the separate civil action filed against the heirs of Orlando Schiappa. Following a hearing, on August 7, 1997, the trial court sustained appellee's motion for a protective order. The trial court stated that matters relating to the estate of Orlando Schiappa should be addressed in probate court and that the requested discovery appeared to be irrelevant inasmuch as the judgment entry of November 1, 1997, prohibited execution on probate assets. It is from this order of August 7, 1997, granting the protective order that appellant brings this timely appeal.

Appellants bring two assignments of error, the first of which states:

"The trial court erred in prohibiting postjudgment discovery on the ground that such discovery should be pursued in probate court."

■ Appellants claim to have a good faith belief that Orlando Schiappa transferred assets during his lifetime, and that because these transfers did not involve real estate, the exact circumstances of the transfers in question are exclusively in the control of the heirs-at-law and of appellee in his capacity as executor. Appellants also note that under Civ.R. 69 discovery may be had of any person in order that a judgment creditor may discover property subject to execution.

---

1. This case is currently on appeal to this court. See 97–JE–42, 97–JE–46.

Appellants note that the Staff Notes to Civ.R. 69 state that the rule is essentially the same as Fed.R.Civ.P. 69 and thus direct our attention to various federal cases interpreting the rule. Appellants cite *Ranney–Brown Distributors, Inc. v. E.T. Barwick Industries, Inc.* (S.D.Ohio 1977), 75 F.R.D. 3, and *Goode v. Patterson* (1883), 40 Ohio St. 345, 1883 WL 119, as support for their argument that the requested discovery was permissible under Civ.R. 69. Appellants also cite *Natl. Serv. Industries, Inc. v. Vafla Corp.* (C.A.11, 1982), 694 F.2d 246, wherein the Eleventh Circuit Court of Appeals ruled that the scope of discovery under the circumstances is the same as in prejudgment discovery, that is, "any matter not privileged which is relevant to the subject matter involved in the pending action." Appellants argue that the subject matter of the discovery was the identity of any assets that could be executed against.

Finally, appellants cite *Caisson Corp. v. Cty. W. Bldg. Corp.* (E.D.Pa.1974), 62 F.R.D. 331, wherein the court ruled that "the judgment creditor must be given the freedom to make a bold inquiry to discover hidden or concealed assets of the judgment debtor." Based upon these authorities, appellants argue that they should have been permitted to inquire of the personal representative of the judgment debtor as to assets that might have been transferred to others.

In response, appellee argues that appellants have not requested any proceedings in aid of execution of the judgment and hence the requested discovery is not in aid of execution of the judgment as required by Civ.R. 69, nor is it intended to discover property subject to execution in satisfaction of the judgment. Appellee claims that a cursory review of the discovery request reveals that it is intended not to discover assets of appellee as executor, but to obtain information pertinent to the separate action filed against persons not party to the instant action. As evidence of this intent, appellee notes that in a motion filed by appellants in the separate civil action, appellants state that they "believe that once the answers to interrogatories filed in 96 CV 21 [the instant case] are received the necessary information will then become available." Hence, appellee argues that because the discovery was not designed to discover property subject to execution in the instant case, the trial court did not err in granting the protective order.

Appellee also argues that the trial court did not err in denying appellants' discovery requests insofar as appellants did not obtain an order to proceed from the probate court as required by R.C. 2117.34, which provides:

"No execution against the assets of an estate shall issue upon a judgment against an executor or administrator unless upon the order of the probate court which appointed him."

Appellee notes that no such order from the Jefferson County Probate Court is in the record.

Appellee also notes that Fed.R.Civ.P. 69 differs from Civ.R. 69 in that the former permits discovery "in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Hence, appellee argues that the federal rule defers to the Ohio practice requiring probate court approval prior to execution against assets. Finally, appellee notes that in *Ranney–Brown,* cited by appellants, the court refused to decide a motion to compel postjudgment discovery unless the judgment creditor first instituted proceedings in aid of execution of the underlying judgment, which appellee notes appellants have not done in this case.

In their reply brief, appellants argue that because they are not requesting an execution against the assets of the estate there is no need for an order from the probate court.

A trial court has broad discretion to regulate discovery proceedings. *Trimble–Weber v. Weber* (1997), 119 Ohio App.3d 402, 409, 695 N.E.2d 344, 348. This discretion extends to the issuance of protective orders made pursuant to Civ.R. 26(C). *Howell v. Dayton Power & Light Co.* (1995), 102 Ohio App.3d 6, 15, 656 N.E.2d 957, 962–963. Absent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues. *State ex rel. V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198, 200–201. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision. *Id.*

However, where a trial court's order is based on a misconstruction of law, it is not appropriate for a reviewing court to use an abuse-of-discretion standard. *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808, 811–812. In determining pure questions of law, an appellate court may properly substitute its judgment for that of the trial court, since an important function of appellate courts is to resolve disputed propositions of law. *Id.*

We begin by discussing the applicability of Civ.R. 69. Civ. R. 69 provides as follows:

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may also obtain discovery from any person including the judgment debtor, in the manner provided in these rules."

Civ.R. 69 permits judgment creditors to obtain discovery in aid of execution of a judgment. See *State ex rel. Klein v. Chorpening* (1983), 6 Ohio St.3d 3, 4, 6 OBR 2, 3–4, 450 N.E.2d 1161, 1162–1163. The record in the instant case does not

indicate that appellants are executing on the judgment. Indeed, as the trial court noted, the judgment entry of November 1, 1996, appears to prohibit them from doing so. Appellants concede that they are not seeking to recover from the probate assets. Hence, because appellants are not proceeding in aid of the judgment or execution, the discovery permitted by Civ.R. 69 is inapplicable to this case.

Nonetheless, appellants may still request discovery that is permitted under the general rubric of Civ.R. 26. Civ.R. 26 provides:

"(B) *Scope of discovery.* Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows:

"(1) *In general.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the *pending action,* whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.)

Civ.R. 26 provides that parties may obtain discovery on any unprivileged matter that is relevant to the subject matter involved in the pending action. See *Mohan J. Durve, M.D., Inc. v. Oker* (1996), 112 Ohio App.3d 432, 446, 679 N.E.2d 19, 27–28. Trial courts have discretionary power in deciding the relevance of information sought during discovery. See *Mid–Am. Natl. Bank & Trust Co. v. Cincinnati Ins. Co.* (1991), 74 Ohio App.3d 481, 491, 599 N.E.2d 699, 705–706.

"The test for relevancy under Civ.R. 26(B)(1) 'is much broader than the test to be utilized at trial. It is only irrelevant by the discovery test when the information sought will not reasonably lead to the discovery of admissible evidence.'" *Tschantz v. Ferguson* (1994), 97 Ohio App.3d 693, 715, 647 N.E.2d 507, 521, quoting *Icenhower v. Icenhower* (Aug. 14, 1975), Franklin App. No. 75AP–93, unreported, at 2.

This standard presents difficulties when, as in this case, the action is no longer pending and a judgment has been issued. As Judge Clifford Scott Green noted in discussing Fed.R.Civ.R. 69:

"[T]he limits of the concept of relevancy in connection with discovery in aid of execution of judgment, as here, must be somewhat different as a result of the fact that there is no longer an action pending which may be utilized by reference to its

subject matter to assist in definition of the scope of discoverable matter." See *Caisson, supra,* 62 F.R.D. at 333.

In *Ranney–Brown, supra,* relied on by appellants, the trial court noted:

"Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." 75 F.R.D. at 5.

The trial court went on to note that the requested discovery could be had by means of Fed.R.Civ.P. 69 but that no proceedings in aid of execution had been instituted. Similarly, in the instant case appellants are not proceeding in aid of execution of the judgment but appear instead to be seeking information relevant to their separate civil action under the Ohio Uniform Fraudulent Transfer Act. Indeed, by the November 1, 1996 judgment entry appellants are precluded from levying on assets of the estate. While the requested discovery may be very relevant to appellants' separate civil action, we fail to see how the information sought is relevant to the instant case. For this reason, the trial court properly issued the protective order in favor of appellees.

Appellants' first assignment of error is without merit.

Appellants' second assignment of error states:

"The trial court erred in prohibiting postjudgment discovery on the ground that such pursuit of certain fraudulent conveyances would result in those assets becoming probate assets."

According to appellants, the trial court appeared to believe that if appellants were successful in their separate action under the Ohio Uniform Fraudulent Transfer Act the property transferred would be returned to the estate of Orlando Schiappa, where appellants could not execute upon it. Hence, the trial court ruled that the discovery requests appeared to be irrelevant. Appellants argue that this determination was error and that the law does not provide for the return of the transferred property to the estate of the transferor. Rather, appellants argue that under R.C. 1336.07(A)(1) the creditor may avoid a transfer only to the extent necessary to satisfy the claim of the creditor but that the law does not provide for the wholesale return of the property. Appellants argue that the transfer is not void as to all creditors but only as to those creditors that challenge the transfer and prove their case. Hence, according to appellants, the judgment entry of November 1, 1997, does not prevent the discovery requested.

In response, appellee argues that any property fraudulently transferred would be returned to appellee as a probate asset subject to the satisfaction of all claims and pursuant to the priorities in R.C. 2117.25. Appellee argues that R.C. 2117.34

requires an order from the probate court before any execution against assets can be undertaken precisely to prevent one creditor from a preference in distribution over others, which appellee claims appellants are seeking to accomplish. Hence, appellee argues that because any property transferred in a voided transaction would become a probate asset not subject to execution by the terms of the judgment entry of November 1, 1997, or without order of the probate court, the trial court did not err in prohibiting discovery in furtherance of the separate action.

In ruling as it did, the trial court apparently believed that appellants' requested discovery was irrelevant given that the agreement of November 1, 1996, prohibited execution against probate assets.

In its journal entry, the trial court stated:

"Even if Plaintiff could unwind predeath transactions they would become probate assets and not subject to execution by this Plaintiff."

This is an erroneous statement of the remedies available under the Ohio Uniform Fraudulent Transfer Act. For example, under R.C. 1336.08(B)(1), to the extent a transfer is voidable the creditor may recover a judgment for the value of the asset transferred against transferees of the assets or those for whom the benefit was intended. By disregarding this possibility, the trial court wrongly concluded that any assets fraudulently transferred would automatically revert to the estate of Orlando Schiappa.

However, an appellate court will not reverse a correct judgment merely because a lower court assigned erroneous reasons as the basis of the judgment. *Taylor v. Yale & Towne Mfg. Co.* (1987), 36 Ohio App.3d 62, 63, 520 N.E.2d 1375, 1376–1377. We are to review judgments, not the reasons given for them. As we have already noted in our discussion of appellants' first assignment of error, the discovery requested by appellant was not relevant to the instant case, nor was it in aid of execution of the judgment already rendered in the matter. Because the trial court's decision was supportable on other grounds, appellants' second assignment of error is without merit.

Both of appellants' assignments of error having been found to be without merit, the decision of the trial court is hereby affirmed.

*Judgment affirmed.*

Cox and VUKOVICH, JJ., concur.