OPINION
{¶ 1} Plaintiff-Appellant The Carter-Jones Lumber Co. dba Carter Lumber Co. ("Carter") appeals from the March 12, 2008 Judgment Entry of the Van Wert Municipal Court for Van Wert County, Ohio denying Carter's motion to compel discovery.
 {¶ 2} On January 17, 2006 Carter commenced a civil action in the Oberlin Municipal Court of Lorain County, Ohio against Defendant-Appellee Larry Jewell ("Jewell") for the balance due on a credit account. On March 22, 2006 Carter obtained a judgment against Jewell in the amount of $1,294.48 plus costs and interest at the rate of 18% per annum from the Oberlin Municipal Court. This judgment was subsequently transferred to the Van Wert Municipal Court for enforcement of the monetary judgment.
 {¶ 3} On or about October 19, 2007 Carter filed an "Affidavit, Order and Notice of Garnishment of Property other than Personal Earnings and Answer of Garnishee" in the Van Wert Municipal Court in an attempt to collect the outstanding judgment. On or about January 4, 2008 Carter issued a request for production of documents to Jewell. Jewell failed to answer the request for production of documents. On March 12, 2008 Carter filed a motion to compel discovery with the Van Wert Municipal Court pursuant to Ohio Civ. R. 37(A)(2) wherein Carter specifically requested that the trial court order Jewell to comply *Page 3 
with Carter's outstanding discovery requests. On March 12, 2008 the trial court issued a Judgment Entry denying Carter's motion to compel discovery.
 {¶ 4} Carter now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING APPELLANT POST-JUDGMENT DISCOVERY FROM A PARTY JUDGMENT DEBTOR ON THE BASIS THAT SUCH DISCOVERY SHOULD BE CONDUCTED UNDER STATUTORY AUTHORITY INSTEAD OF PURSUANT TO CIV.R. 69.
 {¶ 5} In its sole assignment of error, Carter alleges that the trial court erred and abused its discretion in denying Carter's motion to compel discovery. Specifically, Carter alleges that the trial court erroneously denied it, as judgment creditor, the privilege under the Ohio Rules of Civil Procedure to conduct post-judgment discovery from Jewell, the judgment debtor.
 {¶ 6} Prior to reviewing the merits of Carter's assignment of error, we first note that an appellee's brief has not been filed in this case. Pursuant to Ohio App. R. 18(C), if an appellee fails to timely file a brief "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." See alsoIn re Estate of Vann, 3rd Dist. No. 10-05-12,2005-Ohio-5040.
 {¶ 7} A trial court has broad discretion to regulate discovery proceedings. Hahn v. Satullo (2004), 156 Ohio App.3d 412, 431,806 N.E.2d 567 citing Van- *Page 4 Am. Ins. Co. v. Schiappa (1999), 132 Ohio App.3d 325, 330,724 N.E.2d 1232. Absent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues. Van-Am. Ins. Co. at 330. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 8} However, where a trial court's order is based on a misconstruction of law, it is not appropriate for a reviewing court to use an abuse of discretion standard. Castlebrook, Ltd. v. DaytonProperties Ltd. Partnership (1992), 78 Ohio App.3d 340, 346,604 N.E.2d 808. In determining pure questions of law, an appellate court may substitute its judgment for that of the trial court, since an important function of appellate courts is to resolve disputed propositions of law.Id.
 {¶ 9} Our review of the record reveals that Carter's request for production of documents was filed "[p]ursuant to Rule 34 and Rule 69 of the Ohio Rules of Civil Procedure." Specifically, Carter sought the production of certain documents pertaining to the operations of Jewell's purported self-employment status. *Page 5 
 {¶ 10} Civ. R. 34 governs the producing of documents, electronically stored information, and tangible things for inspection and other purposes and provides, in relevant part, as follows:
 (A) Scope
 Subject to the scope of discovery provisions of Civ. R. 26(B), any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requesting party's behalf (1) to inspect and copy any designated documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained that are in the possession, custody, or control of the party upon whom the request is served; (2) to inspect and copy, test, or sample any tangible things that are in the possession, custody, or control of the party upon whom the request is served; * * *
 (B) Procedure
 Without leave of court, the request may be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. The request shall set forth the items to be inspected either by individual item or by category and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. The request may specify the form or forms in which electronically stored information is to be produced, but may not require the production of the same information in more than one form.
Civ. R. 69 governs execution and provides as follows:
 Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a *Page 6 judgment, and in proceedings on and in aid of execution shall be as provided by law. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules. (Emphasis added).
 {¶ 11} In denying Carter's motion to compel in its March 12, 2008 Judgment Entry the trial court specifically stated, in its entirety, as follows: "[c]ivil rule of discovery applies before judgment and statute applies to post judgment. Your motion to compel discovery is therefore overruled. It is so ordered." However, we note that the trial court did not cite to any legal authority for its ruling denying Carter's request for post-judgment discovery.
 {¶ 12} On appeal, Carter states that although the trial court failed to provide specific legal authority in its March 12, 2008 Judgment Entry, Carter assumes that the statute the trial court alluded to was R.C. 2333.09. This statute provides the statutory procedure by which a creditor may gather information about an unsatisfied judgment and provides as follows:
 A judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part. Such order shall be issued by a probate judge or a judge of the court of common pleas in the county in which the judgment was rendered or in which the debtor resides, requiring such debtor to appear and answer concerning his property before such judge, or a referee appointed by him, at a time and place within the county to be specified in the order. *Page 7 
 {¶ 13} Carter submits that based upon the language of both R.C. 2333.09 and Civ. R. 69, it has the option to pursue the production of documents from Jewell under either the statute or the Civil Rules and directs this court's attention to Gordon Construction v. Peterbilt ofCincinnati, Inc. 12th Dist. No. CA2004-03-018,2004-Ohio-6662. In Gordon, the appellant alleged that Civ. R. 69 and R.C. 2333.09 were in conflict, and that by requiring a judgment creditor to obtain a court order before examining a judgment debtor, R.C. 2333.09
conferred a substantive right to the judgment debtor. The 12th District Court of Appeals disagreed with appellant, and, in affirming the judgment of the trial court, stated as follows:
 Upon reviewing both provisions, we find no conflict between the two. Civ. R. 69 controls the process to enforce a money judgment after it is entered. Under the broad language of Civ. R. 69, a judgment creditor may use all the discovery devices set forth in Civ. R. 29 through 36 and Civ. R. 45 to obtain discovery from any person in order to discover property subject to execution. The broad language of Civ. R. 69 is not limited to the judgment debtor. * * *
 Absent a proper stay of proceedings, a judgment creditor is entitled to enforce its judgment by any means provided by law, including pursuant to Civ. R. 69. or pursuant to R.C. 2333.09. We therefore find that Civ. R. 69 and R.C. 2333.09 are not mutually exclusive.
Gordon, 2004-Ohio-6662 at ¶ 8, 10. (Citations omitted). *Page 8 
 {¶ 14} Additionally, our review of Civ. R. 69 reveals that this rule expressly permits a judgment creditor to conduct post judgment discovery such as in the present case. Furthermore, our review of the record reveals that the documents sought from Jewell by Carter in its January 4, 2008 request for production of documents (and subsequent motion to compel) clearly evidenced Carter's intent to obtain documents and information relevant to obtaining enforcement of its judgment for the payment of money pursuant to Civ. R. 69.
 {¶ 15} Based on the foregoing, we find that the trial court erred in denying Carter's motion to compel. Accordingly, the March 12, 2008 Judgment Entry of the Van Wert Municipal Court is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1