[Cite as *Dept. of Taxation*, 2019-Ohio-647.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO/DEPARTMENT OF TAXATION | : | |
| | : | |
| | : | Appellate Case No. 2018-CA-18 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2017-TL-290 |
| v. | : | |
| | : | (Civil Appeal from |
| ANZIO RAY MARTINEZ | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of February, 2019.

. . . . . . . . . .

ROBERT J. MANN, Atty. Reg. No. 0040491 and MARY SPAHIA-CARDUCCI, Atty. Reg. No. 0033112, 1335 Dublin Road, Suite 212-A, Columbus, Ohio 43215
    Attorneys for Plaintiff-Appellant

ANZIO RAY MARTINEZ, 2245 South County Road 25A, Troy, Ohio 45373
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} The issue that must be resolved is whether the State of Ohio/Department of Taxation (DOT) may engage in post-judgment discovery under Civ.R. 69 without first obtaining an order in aid of execution under R.C. 2333.09. We conclude there is no necessity for a judgment creditor to obtain a R.C. 2333.09 order in aid of execution before engaging in Civ. R. 69-authorized discovery to assist in collection of a judgment.

## Facts and Procedural History

{¶ 2} On March 14, 2017, a judgment in the amount of $3,361.63 was recorded against Anzio Martinez and in favor of DOT. It seems, based upon DOT's brief and the motion filed in the trial court, that the judgment was obtained and recorded under R.C. 5739.13(C) based upon Martinez's failure to remit to DOT collected sales taxes. On June 27, 2018, DOT filed a motion to compel discovery under Civ.R. 37. The motion stated that DOT, under the authority of Civ.R. 69, had served Martinez with a request for production of documents, that Martinez had failed to respond to the request, and that DOT had sought to resolve the issue without resorting to court intervention. The motion requested that Martinez be compelled to respond to the production request and that DOT be awarded reasonable attorney fees and costs.

{¶ 3} On July 26, 2018, the trial court overruled DOT's motion despite Martinez's failure to oppose the motion. This appeal followed and, once again, Martinez has not participated in the process.

## Standard of Review

**{¶ 4}** Trial courts, of necessity, have expansive discretion to regulate and resolve discovery issues. *Ohio Dept. of Taxation v. Tolliver*, 8th Dist. Cuyahoga Nos. 103799, 103800, 2016-Ohio-7223, ¶ 3, citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808 (2d Dist.1992). However, if a trial court's discovery ruling is premised upon a legal conclusion, the appellate review is de novo. *Id.* In this case, as discussed below, the trial court's decision overruling DOT's motion to compel results from a legal conclusion; thus, our review is de novo.

**Analysis**

**{¶ 5}** DOT asserts the following assignments of error:

FIRST ASSIGNMENT OF ERROR: THE LOWER COURT ERRED AS A MATTER OF LAW IN MISCONSTRUING *VAN-AMERICAN INSURANCE CO. V. SCHIAPPA* TO REQUIRE A PARTY TO INITIATE PROCEEDINGS IN AID OF EXECUTION BEFORE BEING PERMITTED TO SERVE POST-JUDGMENT DISCOVERY AUTHORIZED UNDER RULE 69 OF THE OHIO RULES OF CIVIL PROCEDURE.

SECOND ASSIGNMENT OF ERROR: THE LOWER COURT ERRED IN FAILING TO FOLLOW THE CONTROLLING LAW OF OHIO, INCLUDING CONTROLLING OHIO SUPREME COURT PRECEDENT EXPRESSLY PROVIDING THAT A JUDGMENT CREDITOR IS NOT REQUIRED TO FIRST ISSUE AN EXECUTION OR TO TAKE ANY OTHER ACTION BEFORE BEING PERMITTED TO SERVE POST-JUDGMENT DISCOVERY AUTHORIZED UNDER RULE 69 OF THE OHIO RULES OF

CIVIL PROCEDURE.

THIRD ASSIGNMENT OF ERROR: THE LOWER COURT ERRED IN HOLDING PLAINTIFF COULD NOT SERVE POST-JUDGMENT DISCOVERY UNDER RULE 69 OF THE OHIO RULES OF CIVIL PROCEDURE.

FOURTH ASSIGNMENT OF ERROR: THE LOWER COURT ERRED IN DENYING, AND FAILING TO GRANT, PLAINTIFF'S MOTION TO COMPEL.

Since the assignment of errors are interrelated, we will address them together.

{¶ 6} The trial court's order overruling DOT's motion noted that when the motion was filed, "no action [regarding DOT's judgment was] pending in [the trial court]." From this, the trial court concluded as follows:

Civ.R. 69 permits judgment creditors to obtain discovery in aid of execution of a judgment. *See State ex rel Klein v. Chorpening*, 6 Ohio St.3d 3, 4, 450 N.E.2d 1161 (1983). However, Civ.R. 69 does not authorize discovery when the judgment creditor has not first initiated proceedings in aid of execution of the underlying judgment. *See Van-American Insurance Co. v. Schiappa*, 132 Ohio App.3d 325, 331, 724 N.E.2d 1232. Since [DOT] has not initiated proceedings in aid of execution on the underlying judgment, [DOT's] post-judgment discovery requests are improper. Therefore, the Court finds [DOT's] Motion to Compel not well-taken, and it is hereby denied.

{¶ 7} The action referenced by the trial court's order must, for lack of an alternative,

be an action under R.C. 2333.09, which states as follows:

> A judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part. Such order shall be issued by a probate judge or a judge of the court of common pleas in the county in which the judgment was rendered or in which the debtor resides, requiring such debtor to appear and answer concerning his property before such judge, or a referee appointed by him, at a time and place within the county to be specified in the order.

However, coexisting with R.C. 2333.09 is Civ.R. 69, which states as follows:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law. In aid of the judgment execution, the judgment creditor or his successor in interest when that interest appears of record, may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

The trial court's order acknowledges that Civ.R. 69 allows post-judgment discovery; the only issue is whether such discovery can be pursued in the absence of an order issued under R.C. 2333.09.

{¶ 8} This very issue was presented in *Tolliver*, 8th Dist. Cuyahoga Nos. 103799,

103800, 2016-Ohio-7223, with the court concluding as follows:

> By its terms, R.C. 2333.09 is a permissive statute that allows the judgment creditor to seek an examination order from the court if the judgment creditor so chooses.  The judgment creditor does not have to use a debtor's examination to obtain the debtor's financial information or other discovery items necessary for executing on a judgment.  Rather, the debtor also has the option of conducting discovery pursuant to the civil rules.  * * *

*Tolliver* at ¶ 6.  Based upon this reasoning, the court reversed the trial court's order denying DOT's motion to compel post-judgment Civ.R. 69-sanctioned discovery issued in the absence of a R.C. 2333.09 aid in execution order.

{¶ 9} The Twelfth and Third Appellate districts have reached the same conclusion regarding the interplay between Civ.R. 69 and R.C. 2333.09.  *Gordon Constr., Inc. v. Peterbilt of Cincinnati, Inc.*, 12th Dist. Clermont No. CA2004-03-18, 2004-Ohio-6662, ¶ 10 (judgment creditor may use either Civ.R. 69 or R.C. 2333.09 to aid in judgment collection); *Carter-Jones Lumber Co. v. Jewell*, 3d Dist. Van Wert No. 15-08-05, 2008-Ohio-4782, ¶ 13-14 (judgment enforcement may be undertaken under either R.C. 2333.09 or Civ.R. 69).

{¶ 10} The trial court rests its contrary conclusion upon *Van-American Ins. Co. v. Schiappa*, 132 Ohio App.3d 325, 724 N.E.2d 1232 (7th Dist.1999).  Initially, Van-American and a second insurance company commenced an action against Schiappa to enforce an indemnity contract Schiappa had entered into with Van-American and the second insurance company.  (For reasons of clarity and simplicity, Van-American,

hereafter, will refer to both insurance companies.) Schiappa died sometime after the action was filed, and the executor of his estate was substituted as a party. Ultimately, Van-American was granted a $400,000.00 judgment against the estate, but Van-American agreed not to levy against any estate assets but, instead, to accept, along with other claimants, its pro-rata share of the estate assets.

{¶ 11} Van-American then filed a separate action against Schiappa's heirs asserting that Schiappa, in violation of Ohio's Uniform Fraudulent Transfer Act, had transferred assets to these heirs. Van-American, in the original action resulting in the judgment referenced above, served discovery upon the estate in aid of execution of the $400,000.00 judgment, with this being done without first securing an order under R.C. 2333.09. The estate sought and obtained a protective order from the trial court prohibiting Van-American's discovery.

{¶ 12} On appeal, Van American asserted that the contested discovery was sanctioned by Civ.R. 69. The appellate court disagreed, stating:

> * * * [I]n the instant case appellants are not proceeding in aid of execution of the judgment but appear instead to be seeking information relevant to their separate civil action under the Ohio Uniform Fraudulent Transfer Act. Indeed, by the November 1, 1996 judgment entry appellants are precluded from levying on assets of the estate. While the requested discovery may be very relevant to appellant's separate civil action, we fail to see how the information sought is relevant to the instant case. For this reason, the trial court properly issued the protective order in favor of appellees.

*Van-American* at 332. *Van-American* does not address the issue of whether a judgment

creditor must obtain an order in aid of execution before proceeding with Civ.R. 69 post-judgment discovery.[1]

**{¶ 13}** We conclude, in accord with our sister districts, that a judgment creditor is not required to obtain an aid of execution order under R.C. 2333.09 before engaging in Civ.R. 69-permitted discovery.   We agree with the Eighth District's conclusion in *Tolliver* that utilization of R.C. 2333.09 is permissive, and since use of R.C. 2333.09 is permissive, the Civ.R. 69 language that a judgment creditor " * * * in aid of the judgment * * * may * * * obtain discovery from any person, including the judgment creditor, in the manner provided in these rules" compels the conclusion that DOT is allowed to seek discovery from Martinez without first obtaining a R.C. 2333.09 aid in execution order.

## Conclusion

**{¶ 14}** The trial court's order overruling DOT's motion to compel is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

---

[1] The *Van-American* decision does mention *Ranney-Brown Distribs., Inc. v. E.T. Barwick Industries*, 75 F.R.D. 3 (S.D.Ohio 1977).   In this case, a judgment creditor filed a motion to compel discovery after the judgment debtor, in reliance upon the attorney-client privilege, refused to provide certain requested documents.   The district court, without analysis or citation to authority, concluded that, while Fed.R. 69 (analogous to Ohio's Civ.R. 69) permits post-judgment discovery, the attorney-client issue did not have to be resolved because the judgment creditor had not initiated a proceeding in aid of execution. To the extent that *Van-American*, in reliance on *Ranney-Brown*, stands for the conclusion that a R.C. 2333.09 order must be obtained in order to obtain Civ.R. 69-allowed discovery, we disagree with such a conclusion.

Copies sent to:

Robert J. Mann
Mary Spahia-Carducci
Anzio Ray Martinez
Hon. Jeannine N. Pratt