[Cite as *Ohio Dept. of Taxation v. Davis*, 2020-Ohio-686.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio Department of Taxation, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-474 |
| v. | : | (C.P.C. No. 18JG-25697) |
| Najiee Davis, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 27, 2020

**On brief:** *Mann & Carducci Co., LPA, Mary Spahia-Carducci*, and *Robert J. Mann*, for appellant.
**Argued:** *Robert J. Mann*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Plaintiff-appellant, State of Ohio Department of Taxation, appeals the judgment of the Franklin County Court of Common Pleas denying appellant's Civ.R. 37(D) motion to compel discovery to aid in enforcing a certificate of judgment. For the following reasons, we reverse the trial court judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 8, 2018, a certificate of judgment was filed in the court of common pleas against defendant-appellee, Najiee Davis. According to appellant's appellate brief, which was unopposed by appellee, a certificate of judgment was filed, pursuant to R.C. 5747.13, following appellee's "failure to remit sales taxes collected and held in trust for the

State of Ohio."[1]  (Appellant's Brief at 2.)  On February 22, 2019, appellant issued a request for production of documents to appellee, citing Civ.R. 26, 34, and 69, in order to aid collection on the judgment.  In April and May 2019, appellant sent appellee two additional letters noting appellee's noncompliance with the original request and again requesting the documents.  Appellee did not provide the documents to appellant or otherwise respond.

{¶ 3}  On June 3, 2019, appellant filed a motion to compel, pursuant to Civ.R. 37(D), asking the trial court to order appellee to respond to the request for production of documents.  In the motion, appellant argued that Civ.R. 69 permitted a judgment creditor to obtain discovery from the judgment debtor in the manner provided by the civil rules and, as a result, appellant is permitted, postjudgment, to serve a request for production of documents on appellee by way of Civ.R. 34.  Appellant noted it had complied with the procedures in Civ.R. 37(A)(1) and, therefore, it was entitled to relief under Civ.R. 37(D) in the form of an order compelling discovery.

{¶ 4}  On June 24, 2019, the trial court sua sponte denied appellant's motion to compel.  The trial court disagreed with appellant's contention that Civ.R. 69 entitled appellant to discovery under Civ.R. 34.  According to the trial court, "[t]his is so because Civ.R. 34(B) requires that a request for production may be served only after service of the summons and complaint upon the party from whom the discovery is sought."  (Trial Ct. Jgmt. at 1.)  The trial court cited to *Fed. Deposit Ins. Corp. v. Orrico*, 8th Dist. No. 37060 (Mar. 16, 1978), as an example in support of this determination.  Therefore, the trial court concluded that because "[t]his matter arises from a tax assessment reduced to a judgment lien by operation of law – no action was ever commenced against the Defendant, nor was a summons and complaint ever served," and appellant was not entitled to an order compelling discovery.  (Trial Ct. Jgmt. at 2.)

{¶ 5}  Appellant filed a timely appeal.[2]

---

[1] Because appellee did not file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."  App.R. 18(C); *Carter-Jones Lumber Co. v. Jewell*, 3d Dist. No. 15-08-05, 2008-Ohio-4782, ¶ 6.

[2] We agree with our fellow appellate districts that have found, expressly or implicitly, that a trial court judgment denying the Ohio Department of Taxation's Civ.R. 69 motion to compel discovery in a postjudgment collection action is a final, appealable order under R.C. 2505.02.  *See, e.g., Dept. of Taxation v. Mason*, 12th Dist. No. CA2015-08-072, 2016-Ohio-1289, ¶ 11, fn. 3; *Dept. of Taxation v. Tolliver*, 8th Dist. No. 103799, 2016-Ohio-7223, ¶ 2; *State/Dept. of Taxation v. Martinez*, 2d Dist. No. 2018-CA-18, 2019-Ohio-647, ¶ 4.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   Appellant assigns the following as trial court error:

[1.] THE LOWER COURT ERRED IN HOLDING THAT SECTIONS OF THE OHIO RULES OF CIVIL RULE PROCEDURE GOVERNING COMMENCEMENT OF AN ACTION AND SERVICE OF PROCESS OF THE SUMMONS AND COMPLAINT APPLY TO POST-JUDGMENT, ANCILLARY PROCEEDINGS UNDERTAKEN IN ACCORDANCE WITH RULE 69 OF THE OHIO RULES OF CIVIL PROCEDURE IN AID OF COLLECTING OR EXECUTING ON A JUDGMENT.

[2.] THE LOWER COURT ERRED IN FAILING TO FOLLOW CONTROLLING OHIO SUPREME COURT PRECEDENT HOLDING THAT SERVICE OF POST-JUDGMENT DISCOVERY UNDER CIV.R. 69 IS TO BE MADE IN ACCORDANCE WITH RULE 5 OF THE OHIO RULES OF CIVIL PROCEDURE.

[3.] THE LOWER COURT ERRED IN FAILING TO FOLLOW CONSTITUTIONAL AND STATUTORY AUTHORITY, AND CONTROLLING OHIO SUPREME COURT PRECEDENT HOLDING THAT JUDGMENTS ISSUED ON TAX ASSESSMENTS ARE TO BE GIVEN THE SAME EFFECT AS OTHER JUDGMENTS.

[4.] THE LOWER COURT ERRED IN CREATING A TWO-TIERED JUSTICE SYSTEM IN OHIO WHEREIN JUDGMENTS OF THE STATE OF OHIO ISSUED ON TAX ASSESSMENTS ARE RELEGATED TO AN INFERIOR JUDGMENT STATUS AND DENIED RIGHTS, PRIVILEGES, IMMUNITIES, AND REMEDIES AFFORDED OTHER JUDGMENTS.

[5.] THE LOWER COURT ERRED IN DENYING PLAINTIFF'S MOTION TO COMPEL.

## III.  STANDARD OF REVIEW

{¶ 7}   "A trial court enjoys considerable discretion in the regulation of discovery proceedings." *Future Communications, Inc. v. Hightower*, 10th Dist. No. 01AP-1175, 2002-Ohio-2245, ¶ 14.  "However, if a trial court's discovery ruling is premised upon a legal conclusion, the appellate review is de novo." *State/Dept. of Taxation v. Martinez*, 2d Dist. No. 2018-CA-18, 2019-Ohio-647, ¶ 4. *Van Am. Ins. Co. v. Schiappa*, 132 Ohio App.3d 325, 330 (7th Dist.1999) (finding that "where a trial court's order is based on a misconstruction

of law, it is not appropriate for a reviewing court to use an abuse of discretion standard" but, rather, a de novo standard of review is proper).  In this case, as discussed below, the trial court's decision overruling appellant's motion to compel results from a legal conclusion; thus, our review is de novo.

## IV.  LEGAL ANALYSIS

{¶ 8}  For clarity of analysis, we will review appellant's first, second, and fifth assignments of error together.  In its first assignment of error, appellant contends the trial court erred in its analysis of the rules of civil procedure to conclude postjudgment discovery under Civ.R. 69 is not permitted in accordance with Civ.R. 34 in this case.  In its second assignment of error, appellant argues the trial court disregarded precedent from the Supreme Court of Ohio, *State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3 (1983).  In its fifth assignment of error, appellant generally concludes the trial court erred in denying its motion to compel.  For the reasons stated below, we agree with appellant.

{¶ 9}  "Civ.R. 69 permits judgment creditors to obtain discovery in aid of execution." *Id.* at 4.  Specifically, Civ.R. 69 states:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise.  The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law.  *In aid of the judgment or execution, the judgment creditor* or his successor in interest when that interest appears of record, *may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.*

(Emphasis added.)  Under this rule, "a judgment creditor is not required to obtain an aid of execution order * * * before engaging in Civ.R. 69-permitted discovery." *Martinez* at ¶ 13, citing *Dept. of Taxation v. Tolliver*, 8th Dist. No. 103799, 2016-Ohio-7223, ¶ 6.  *See also Klein* (determining that a writ of execution is not a prerequisite for judgment creditors to obtain discovery in aid of execution and that service of a deposition sent to the judgment debtor under Civ.R. 5 was sufficient notice of the proceedings under Civ.R. 69); *Slodov v. Stralka*, 71 Ohio App.3d 137, 138 (8th Dist.1991) (holding that Civ.R. 69 does not require a court to issue new process since its "provisions concerning discovery in aid of judgment refer to the discovery rules, not Rule 4[, which,] by its wording, applies only to commencing a case and serving the complaint [and] never refers to post-judgment proceedings").

{¶ 10} A party may obtain discovery in aid of collection of a judgment under Civ.R. 69 "in the manner provided in the civil rules." *Hightower* at ¶ 16. For example, in *Hightower*, this court found the trial court did not abuse its discretion in denying a third party's motion to quash a subpoena filed by a judgment creditor under Civ.R. 69 and 45. Similarly, in *Carter-Jones Lumber Co. v. Jewell*, 3d Dist. No. 15-08-05, 2008-Ohio-4782, the Third District Court of Appeals found "Civ. R. 69 * * * expressly permits a judgment creditor to conduct post judgment discovery" under Civ.R. 69 and 34 and, therefore, found the trial court erred in denying the judgment creditor's motion to compel discovery. *Id.* at ¶ 14. *See also Ohio Dept. of Taxation v. Mason*, 12th Dist. No. CA2015-08-072, 2016-Ohio-1289, ¶ 13-14 (indicating judgment creditor may obtain discovery through the use of all discovery devices set forth in the civil rules, including Civ.R. 34); *Gordon Constr., Inc. v. Peterbilt of Cincinnati, Inc.*, 12th Dist. No. CA2004-03-018, 2004-Ohio-6662, ¶ 8 ("Under the broad language of Civ.R. 69, a judgment creditor may use all the discovery devices set forth in Civ.R. 29 through 36 and Civ.R. 45 to obtain discovery from any person in order to discover property subject to execution.").

{¶ 11} In this case, appellant moved for discovery under Civ.R. 26, 34, and 69 to aid collection on a tax judgment filed under R.C. 5747.13(C). The trial court reasoned appellant was not entitled to discovery, pursuant to Civ.R. 69, since "Civ.R. 34(B) requires that a request for production may be served only after service of the summons and complaint upon the party from whom the discovery is sought." (Trial Ct. Jgmt. at 1.) Contrary to the trial court's reasoning, we find, consistent with the case law cited herein, that Civ.R. 69 expressly permitted appellant to move for discovery in the manner pursued by appellant in this case. Furthermore, the case cited by the trial court in support of its determination, *Orrico*, stands for the proposition that a party to a motion for relief from judgment, pursuant to Civ.R. 60(B), is not entitled to the discovery of documents in order to support the motion for relief. *See, e.g.*, *In re Guardianship of Matyaszek*, 9th Dist. No. 20943, 2002-Ohio-3743, ¶ 17; *Community Natl. Bank v. Parsons*, 3d Dist. No. 8-11-15, 2013-Ohio-2383, ¶ 24. As the instant case does not involve a Civ.R. 60(B) motion, we find *Orrico* to be distinguishable and does not control the result here. Considering all the above, we find merit to appellant's argument that the trial court erred in denying its motion to compel under the language of the civil rules and supporting case law.

{¶ 12} Accordingly, appellant's first, second, and fifth assignments of error are sustained. Our decision in this regard renders appellant's third and fourth assignments of error, premised on the impropriety of the trial court treating a judgment issued on a tax assessment differently than other judgments, moot and we express no opinion on these issues. App.R. 12(A)(1)(c); *Sourial v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 17AP-731, 2018-Ohio-2528, ¶ 61.

## V. CONCLUSION

{¶ 13} Having sustained appellant's first, second, and fifth assignments of error and determined appellant's third and fourth assignments of error are moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to the trial court for further proceedings consistent with this decision.

*Judgment reversed*;
*cause remanded.*

KLATT and BEATTY BLUNT, JJ., concur.

_____