[Cite as *Ohio Dept. of Taxation v. Apple Blossom Flowers, L.L.C.*, 2021-Ohio-2563.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| DEPARTMENT OF TAXATION | : | Hon. William B. Hoffman, J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : |  |
|  | : |  |
| -vs- | : | Case No. 2021 CA 00006 |
|  | : |  |
| APPLE BLOSSOM FLOWERS, LLC | : |  |
|  | : | OPINION |
| Defendant-Appellee | : |  |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Licking County Court of Common Pleas, Case No. 2015 JD 174158 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | July 27, 2021 |

APPEARANCES:

| | |
|---|---|
| For – Appellant | For – Amicus Curiae<br>Licking County Bar Association |
| MARY SPAHIA-CARDUCCI<br>Special Counsel for<br>Ohio Attorney General David Yost<br>1335 Dublin Road, Ste. 212-A<br>Columbus, OH  43215 | C. DANIEL HAYS<br>195 E. Broad Street<br>Box 958<br>Pataskala, OH 43062 |

*Gwin, P.J.*

{¶1} Appellant appeals the December 17, 2020 judgment entry of the Licking County Court of Common Pleas denying its motion to compel and striking appellant's request for production of documents.

### Facts & Procedural History

{¶2} In June of 2015, appellant, the Ohio Department of Taxation ("DOT") recorded a judgment against appellee Apple Blossom Flowers, LLC, pursuant to R.C. 5739.13(C), for unpaid sales tax in the amount of $2,022.84.

{¶3} In September of 2020, appellant issued a request for production of documents to appellee, citing Civil Rules 26, 34, and 69, in order to aid in collection on the judgment. On October 30, 2020, appellant sent appellee a letter noting appellee's noncompliance with the original request, and again requesting the documents. The letter stated that if appellee did not comply with the request, appellant may file a motion to compel. Appellee did not provide the documents to appellant or otherwise respond.

{¶4} Appellant filed a motion to compel, pursuant to Civil Rule 37(D), asking the trial court to order appellee to respond to the request for production of documents. In the motion, appellant argued that Civil Rule 69 permitted a judgment creditor to obtain discovery from the judgment debtor in a manner provided by the civil rules and, as a result, appellant was permitted, post-judgment, to serve a request for production of documents on appellee by way of Civil Rule 34. Appellant noted it had complied with the procedures in Civil Rule 37(A)(1), and, therefore, it was entitled to relief under Civil Rule 37(D) in the form of an order compelling discovery.

{¶5} The trial court held an oral hearing on the motion to compel on December 17, 2020. Appellee did not appear for the hearing.

{¶6} The trial court issued a judgment entry on December 17, 2020, denying the motion to compel and striking the request for production of documents. The trial court stated as follows:

> The Court represented to counsel for the Plaintiff that Rule 34, which governs request for production of documents, provides that without leave of court, the request may be served upon the Plaintiff after commencement of the action and upon any other party after service of the summons and complaint made upon that party. The Court notes that there was no service of summons and complaint ever filed here because there was never a lawsuit. It was just filed on a certificate of judgment after an assessment.

{¶7} Appellant appeals the December 17, 2020 judgment entry of the Licking County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE LOWER COURT ERRED IN HOLDING THAT SECTIONS OF THE OHIO RULES OF CIVIL PROCEDURE GOVERNING COMMENCEMENT OF AN ACTION AND SERVICE OF PROCESS OF THE SUMMONS AND COMPLAINT APPLY TO POST-JUDGMENT, ANCILLARY PROCEEDINGS AND DISCOVERY UNDERTAKEN IN ACCORDANCE WITH RULE 69 OF THE OHIO RULES OF CIVIL PROCEDURE IN AID OF EXECUTING OR COLLECTING ON A JUDGMENT.

{¶9} "II. THE LOWER COURT ERRED IN FAILING TO FOLLOW CONTROLLING OHIO SUPREME COURT PRECEDENT HOLDING THAT SERVICE

OF POST-JUDGMENT DISCOVERY UNDER CIV.R. 69 IS TO BE MADE IN ACCORDANCE WITH RULE 5(B) OF THE OHIO RULES OF CIVIL PROCEDURE.

{¶10} "III. THE LOWER COURT ERRED IN FAILING TO FOLLOW CONSTITUTIONAL AND STATUTORY AUTHORITY AND CONTROLLING OHIO SUPREME COURT PRECEDENT HOLDING THAT JUDGMENTS ISSUED ON TAX ASSESSMENTS ARE TO BE GIVEN THE SAME EFFECT AS OTHER JUDGMENTS.

{¶11} "IV. THE LOWER COURT ERRED IN CREATING A TWO-TIERED JUSTICE SYSTEM IN OHIO WHEREIN JUDGMENTS OF THE STATE OF OHIO ISSUED ON TAX ASSESSMENTS ARE RELEGATED TO AN INFERIOR JUDGMENT STATUS AND DENIED RIGHTS, PRIVILEGES, IMMUNITIES, AND REMEDIES AFFORDED OTHER JUDGMENTS.

{¶12} "V. THE LOWER COURT ERRED IN DENYING PLAINTIFF'S MOTION TO COMPEL."

*Standard of Review*

{¶13} A trial court has broad discretion to regulate discovery proceedings. *Hahn v. Satullo*, 156 Ohio App.3d 412, 806 N.E.2d 567 (10th Dist. 2004). Absent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues. *Id.* However, where a trial court's order is based on a misconstruction of law, it is not appropriate for a reviewing court to use an abuse of discretion standard. *Castlebrook, Inc. v. Dayton Properties, Ltd.*, 78 Ohio App.3d 340, 604 N.E.2d 808 (2nd Dist. 1992). Rather, the reviewing court should apply a de novo standard of review. *Ohio Dept. of Taxation v. Mason*, 12th Dist. Clermont No. cA2015-08-072, 2016-Ohio-1289. In this case, the trial court's decision overruling appellant's motion to compel results in a legal

conclusion; thus, our review is de novo. *State of Ohio Dept. of Taxation v. Martinez*, 2nd Dist. Miami No. 2018-CA-18, 2019-Ohio-647.

{¶14} Both appellant and the amicus curiae in this case agree that the proper standard of review of this Court is de novo.

I., II., V.

{¶15} For ease of discussion, we will review appellant's first, second, and fifth assignments of error together. In its first assignment of error, appellant contends the trial court erred in its analysis of the rules of civil procedure to conclude post-judgment discovery under Rule 69 is not permitted in accordance with Civil Rule 34 in this case. In its second assignment of error, appellant argues the trial court disregarded precedent from the Ohio Supreme Court. In its fifth assignment of error, appellant generally contends the trial court committed error in denying the motion to compel. We agree with appellant.

{¶16} Preliminarily, we note that appellee did not avail itself of the administrative appeal procedures contained in R.C. 5739.13 (petition for reassessment, request for hearing before Tax Commissioner, appeal to Ohio Board of Tax Appeals) prior to appellant obtaining judgment. The Supreme Court of Ohio has specifically held that a judgment obtained by the Ohio Department of Taxation pursuant to R.C. 5739.13 has the same effect as other judgments. *Hakim v. Kosydar*, 49 Ohio St.2d 161, 359 N.E.2d 1371 (1977).

{¶17} Appellant filed its request for production of documents pursuant to Civil Rule 69. Rule 69 permits judgment creditors "to obtain discovery in aid of execution." *State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 450 N.E.2d 1161 (1983). Civil Rule 69

provides, in pertinent part, as follows: "In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, many also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

{¶18} The Ohio Supreme Court has held that a judgment creditor is not required to obtain a writ of execution in order prior to engaging in Civil Rule 69-permitted discovery. *State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 450 N.E.2d 1161 (1983) (also holding that service of a deposition sent pursuant to Civil Rule 5 was sufficient notice of the proceedings under Civil Rule 69); see also *Slodov v. Stralka*, 71 Ohio App.3d 137, 593 N.E.2d 81 (8th Dist. Cuyahoga 1991) (Civil Rule 4 does not apply to post-judgment proceedings; it only applies to commencing a case).

{¶19} Similarly, other courts have held that, under Rule 69, a judgment creditor is not required to obtain an aid of execution order prior to undertaking discovery permitted by Rule 69. *State of Ohio Dept. of Taxation v. Martinez*, 12th Dist. Miami No. 2018-CA-18, 2019-Ohio-647; *Ohio Dept. of Taxation v. Tolliver*, 8th Dist. Cuyahoga Nos. 103799, 103800, 2016-Ohio-7223 (creditor does not have to use a debtor's exam to obtain discovery items necessary for executing a judgment).

{¶20} A party may obtain discovery in aid of collection of a judgment under Civil Rule 69 "in the manner provided in the civil rules." The Third District specifically found that a trial court committed error in denying a motion to compel because Rule 69 "expressly permits a judgment creditor to conduct post-judgment discovery" under Rule 69 and Rule 34. *Carter-Jones Lumber Co. v. Jewell*, 3rd Dist. Van Wert No. 15-08-05, 2008-Ohio-4782.

{¶21}   We find the recent case of *Department of Taxation v. Davis*, 10th Dist. Franklin No. 19AP-474, 2020-Ohio-686 is analogous to this case.  In *Davis*, the DOT filed a certificate of judgment against the appellee for unpaid sales tax.  After the appellee failed to respond to requests for production of documents by the DOT, the DOT filed a motion to compel.  The trial court denied the motion to compel, holding that Civil Rule 34(B) states that a request for production of documents may be served only after service of summons and complaint upon the party from who discovery is sought.  The trial court held that since the DOT never filed a summons and complaint, appellant was not entitled to an order compelling discovery.  *Id.*

{¶22}   The factual scenario in this case is the same as in *Davis.* In this case, the DOT filed a certificate of judgment against appellee for unpaid sales tax.  After appellee failed to respond to requests for production of documents by the DOT, the DOT filed a motion to compel.  The trial court denied the motion to compel, stating, "there was no service of summons and complaint ever filed here because there was never a lawsuit.  It was just filed on a certificate of judgment after an assessment."

{¶23}   We agree with the analysis by the Tenth District in *Davis*.  In this case, appellant moved for discovery under Civil Rules 26, 34, and 69 to aid collection on a tax judgment filed under R.C. 5739.13(C).  The trial court reasoned appellant was not entitled to discovery pursuant to Civil Rule 69 since Civil Rule 34(B) states a request for production of documents may be served only after service of the summons and complaint upon the party from whom the discovery is sought.  Contrary to the trial court's reasoning, we find, consistent with the case law cited herein, that Civil Rule 69 expressly permitted appellant to move for discovery in the manner pursued by appellant in this case.

{¶24} Appellee did not file an appellate brief or otherwise make an appearance in this appeal. The Licking County Bar Association filed an amicus curiae brief, encouraging affirmance of the trial court's decision.

{¶25} The amicus curiae contends *Davis* is distinguishable from the instant case because the appellee in *Davis* did not file an opposing appellate brief. We disagree. The same situation occurred in this case. Appellee did not file an appellate brief in this case. Though the Licking County Bar Association filed an amicus brief in this case, amici curiae are not parties to an action. *State v. Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252. Further, the Tenth District thoroughly analyzed the issue and did not simply rely on the lack of an appellee brief in finding in favor of the DOT.

{¶26} The amicus curiae also argues the trial court did not commit error in denying the motion because there may have been issues with service on appellee. As an initial matter, "amici curiae are not parties to an action and may not, therefore, interject issues and claims not raised by parties." *State v. Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252. Appellee did not raise the issue of service in this case, and the trial court did not base its decision on service, or lack thereof. As to the tax assessment itself, R.C. 5703.37 provides detailed instructions for service of notice of the assessment and instructions on how to petition for reassessment and request a hearing. With regards to service of the motion to compel, Ohio law provides mechanisms to address service issues. See *In re Guardianship of Schnierle*, 5th Dist. Stark No. 2007 CA 00260, 2009-Ohio-1580 (the presumption of proper service may be rebutted by sufficient evidence to the contrary).

{¶27} We agree with appellant that the trial court committed error in denying the motion to compel under the language of the civil rules and the supporting case law.

Accordingly, appellant's first, second, and fifth assignments of error are sustained. Based upon our decision on appellant's first, second, and fifth assignments of error, appellant's third and fourth assignments of error are moot.

{¶28} The December 17, 2020 judgment entry of the Licking County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur